## JOSEPH FIELD, Appellant &c., *versus* DANIEL HITCHCOCK, Executor.

It is not competent for a court of probate to decide, that an account of an executor is final, so as to bar all further inquiry in regard to matters not included in the account, and to oust the court of probate of its jurisdiction.

An executor is not liable to be called to account a second time, for the same matter, but, in order to protect himself from future liability, he should specify the subjects in regard to which he settles, an account, and the decree of the court upon such specific subjects, will be conclusive against all parties, unless fraud be charged and proved.

APPEAL from a decree of the judge of probate. It appeared, that the appellant, a residuary devisee and legatee of Joseph Field deceased, on June 21, 1832, presented a petition to the judge of probate, which alleged, that although the appellee, as the executor of the will of the deceased, had settled three several accounts in the probate office, yet that a large amount of the property of the testator still remained in his hands, of which he had rendered no account; wherefore the appellant prayed that the appellee might be cited to render and settle a further account. A citation was accordingly issued.

At the September term of the court of probate in 1832, a decree was passed, by which, after reciting that it appeared, that the appellee had settled his final account after due notice to the appellant, and with his acquiescence in its correctness, signified by his countersigning the same, it was adjudged, that the appellee be no further holden to answer to the representation and complaint of the appellant.

The appellant thereupon appealed, and assigned the following reason : —

Because the court of probate decreed, that the appellee, having settled three accounts, should not be held to render any further account, or render any reason for refusing to do so ; although it was alleged and offered to be proved by the appellant, that there remained certain large sums of money still unaccounted for by the appellee, as specified in a bill of particulars which was filed.

*Merrick* and *Bliss*, for the appellant, cited *Paine* v. *Stone*, Oct. 5th

Field
*v.*
Hitchcock.

10 Pick. 75 ; *Jenison* v. *Hapgood*, 7 Pick. 1 ; *Saxton* v. *Chamberlain*, 6 Pick. 422 ; *Paine* v. *Fox*, 16 Mass. R. 129.

*J. Davis* and *Washburn*, for the appellee, cited to the point, that the final account of the appellee, which was countersigned by the appellant, was conclusive and could not be opened unless fraud were specifically charged and proved, *Saxton* v. *Chamberlain*, 6 Pick. 426 ; *Jenison* v. *Hapgood*, 7 Pick. 7 ; Toller on Executors, (4th edit.) 495 ; *Bush* v. *Sheldon*, 1 Day, 170 ; 5 Dane's Abr. 269 ; *Potter* v. *Webb*, 2 Greenl. 257 ; and to the point, that if there was any property in the appellee's hands unaccounted for, the appellant's remedy was on the probate bond, *Boston* v. *Boylston*, 4 Mass. R. 323.

*April term 1834.*

SHAW C. J. delivered the opinion of the Court. On an appeal from a decree of the judge of probate, the question is, whether the settlement of a former account by an executor can be pleaded as a final account, so as to secure him from rendering a further account when cited for that purpose, and not only preclude the probate court from any further adjudication, but from all further inquiry. The Court are of opinion, that it was not competent for the probate court to decide that any account of the executor was final, so as to bar all further inquiry in regard to matters not included in the accounts already settled, and to oust the probate court of its jurisdiction. An account is not in its nature final, whilst the executor continues to hold his office, because he may continue to receive and collect assets of the estate, many years after the settlement has been apparently closed. Instances of this have recently occurred, where administrators have received amounts allowed under treaties of foreign governments, making indemnity for long antiquated claims. And further, a knowledge of facts may come to parties interested, tending to charge an executor, after he has settled an account, but which account has not embraced the subject matter of such charge. It was said in argument, as a reason why the executor should not be held further to answer, that he had accounted for all the property embraced in the inventory. This reason is plainly insufficient, because an executor is not only held by the duty of the office, but by the express terms of his bond, to account as well for property not embraced in the inventory, as for that which is.

And, indeed, the very reason why he may be called at a late period to account, may be, that property has come to his hands which ought to be accounted for, but which did not come to the knowledge of the parties interested, because the executor failed in his duty, in not putting it into the inventory.

It was further insisted, and authorities were cited to support the position, that nothing but fraud will justify opening a final account, and that such fraud must be specifically charged. But a final account, in the sense in which it is thus used, is an account embracing the subject, which has been passed and allowed by a final decree of a probate court, of original or appellate jurisdiction. It is the adjudication, which gives to the account the character of a final account.

One of the principal arguments relied upon for the appellee is, that if an executor cannot thus shield himself, he may be liable to be called on *toties quoties*, and can never have a final settlement. But, by the rule suggested, an executor is not liable to be called to account a second time for the same matter, and if he would protect himself from future liability, he should require the party calling for an account, to specify particularly the subjects as to which he requires the executor to account, by examination on oath or otherwise, and then having accounted, the whole would appear by the decree remaining on the records of the court for his protection. Then, if called on again, by the same or another party, such decree upon the specific subjects, would be conclusive as *res judicata*, unless fraud were charged and proved.

*Decree reversed, and the case remitted to the probate court for further proceedings.*