SAMUEL THURSTON, *Adm'r, Appellant from decree of Judge of Probate, versus* CAROLINE R. LOWDER, *Adm'x.*

The provision of § 24, c. 120 of R. S. of 1840, is .a conclusive bar against any process commenced by creditors of the estate of a deceased person, in case of new assets, after the expiration of four years from the time such assets actually came into the hands of the administrator.

And the statute applies as well to any process in the Probate Court, as to suits at law.

A claim will be subject to this limitation, notwithstanding it has been allowed by the commissioners of insolvency, and in no part paid, for want of any estate to be divided.

REPORTED by APPLETON, J.

APPEAL from the decision of the Judge of Probate for the county of Penobscot.

Appellant produces official copies from records of Probate Court showing the following facts : —

That, on July 31, 1832, said Thurston was appointed administrator on the estate of Henry Rider, deceased, and gave bond. That, on June 25th, 1833, said Rider's estate, on representation of said administrator, was decreed insolvent and commissioners were appointed. That, on December 31st, 1833, said commissioners made their report of claims allowed against said estate, which was accepted. That, in said report of claims allowed, was the following claim in favor of Samuel Lowder, since deceased, (whose administratrix *de bonis non* said Caroline is,) viz.:—"Note for $382,32, interest, 3 years, $68,81," then amounting to $451,13, which amount was reported as allowed to him. That, on June 30, 1835, said administrator settled his account of administering said estate at the Probate Court, by which it appeared that there were no effects in his hands for distribution, and no distribution was ordered. That, on May 28, 1851, said administrator received further assets to the amount of $5703,66, and he filed his additional inventory thereof. That, on January 28, 1856, said Caroline R. Lowder, administratrix as aforesaid, filed her petition for said administrator to show cause why he should not settle a further account of administering said estate, and that, after notice, on the last Tuesday of March, 1856, said administrator settled his account of administration of said estate, showing a balance in his hands of $2022,50; and, thereupon, the Judge of Probate ordered that, out of said effects, said administrator pay said claim allowed to Samuel Lowder, in full, with interest, it appearing by said administrator's account that the other claims allowed, had been paid by said administrator in full, and allowed him on settlement of his said account.

From which order and decree, said Thurston claims and takes this appeal, and offers to prove on the appeal the following facts:—

That, since said proceedings, one William Lowder, who was the payee and indorser of said note, paid the same in full, with interest, to the said estate now represented by said Caroline R. Lowder, and said Thurston reserves the right, if al-

lowable, to have his reasons of appeal so amended that, if not already sufficient, they may admit the defence herein alleged.

The case is submitted to the full Court for decision of the questions of law arising in the case; and, if the facts alleged by the appellant are material to this case, the cause is to stand for trial upon that point.

The administrator specifies various reasons for the appeal, some of which are in substance—(1,) that the estate of his intestate is under no legal or equitable liability to pay any part of the note;—(2,) that any right of action on account of the note, now is, and for a long time has been, barred by the statute of limitation and especially by § 23, c. 120 of R. S.;—(3,) that the Probate Court has no authority to revive a barred claim;—(4,) that the decree of the Court, in that respect, is invalid.

The administrator, in his account presented to the Judge of Probate, charges himself with " cash received of the United States on account of award of commissioners on treaty with Mexico—$5703,66."

The appeal was entered on the law docket, July term, 1858, and afterwards written arguments were submitted by

*Kent,* for the appellant, and by

*Rowe & Bartlett,* for the appellee.

The opinion of the Court was drawn up by

RICE, J.— This is an appeal from a decree of the Judge of Probate, ordering the appellant to pay a claim upon the estate which he represents, to the appellee. The legal question in issue between the parties is, whether that claim at the date of the decree was barred by the statute of limitations.

Administrators, before entering upon the execution of their trust, are required to give bond, conditioned as provided in c. 106, § 3, R. S. By § 40 of same chapter he is required to render his accounts agreeably to the condition of his bond; and the Judge of Probate may require him to account whenever he may deem it necessary, either with or without a spe-

Thurston *v.* Lowder.

cial application from the parties interested. By § 30, c. 109, if the administrator shall neglect to exhibit and settle his account within six months after the report of the commissioners shall have been made, or within such further time as the Judge of Probate shall think proper to allow therefor, such neglect shall be deemed a breach of the administration bond. And § 5 of c. 113 gives any person interested, either personally or in any official capacity, in any probate bond, or in any judgment that may have been rendered on such bond, the right to originate a suit on the bond, or to sue out a *scire facias* on such judgment, without application to the Judge of Probate.

By these several provisions, the liabilities of administrators are determined, and the rights and remedies of those interested in the estates represented by such administrators defined. These remedies are plain and complete. The policy of the law, however, requires that parties should not sleep over their rights, and that creditors shall pursue their remedies within a reasonable time, or they will be deemed to have waived or abandoned their rights. Hence, it is provided, in § 23 of c. 120, that no executor or administrator, who has given bond and notice of his appointment, according to law, shall be held to answer to the suit of any creditor of the deceased, unless it shall be commenced within four years from the time of his giving bond. This is the general rule. A similar provision is found in § 29 of c. 146. To this general statute of limitation there is, however, this exception, found in § 24, c. 120.

When assets shall come to the hands of the executor or administrator, after the expiration of the said four years, he shall account for and apply the same, in like manner as if they had been received within said four years; and he shall be answerable at law, or to any process in the Probate Court, on account of such new assets, for the benefit of any creditor, in like manner as if received within four years; provided such action or process be commenced within one year after the creditor shall have notice of the receipt of such new assets,

and not more than four years after the same shall actually be received.

It will be observed that these limitation statutes all apply to *creditors* only. Where there' has been no new assets received after the expiration of four years from the time of giving the bond, the right to commence any suit. against any administrator becomes absolutely barred as to creditors. *McLellan* v. *Lunt,* 11 Maine, 150; *Same parties,* 14 Maine, 254.

But if new assets come into the hands of the administrator, after the expiration of said four years, the general limitation bar is removed, and the estate re-opened so that any creditor may come in and assert his claim to such new assets. *Holland* v. *Cruft,* 20 Pick., 321. As to such new assets, the administrator is to apply them in like manner as if they had been received within said four years; and he is answerable at law, or to any process in the Probate Court, on account of such assets, in the same manner as if they had been received within said four years. R. S., c. 120, § 24.

Creditors, also, have the same practical remedies, by the provisions of the 24th section, to enforce their rights to such new assets, as they originally had to enforce rights to the assets which come into the hands of the administrator within the four years from the time of filing his bond. So far as prosecuting claims to the new assets are concerned, it is substantially a new administration.

The question then arises, within what time must these claims be enforced? Or when is the administrator protected by the statute of limitations against the claims of creditors to such new assets? The statute answers, at the end of four years from the time when such new assets actually come into his hands.

But the appellee contends that when a claim has once been proved before commissioners, and entered upon the records of the Probate Court, this limitation statute does not apply; that the case then being under the jurisdiction of the Court,

the Judge may decree the payment of such claims without re-
gard to the statute of limitations.

The cases cited by the appellee do not sustain this position.
*Walker* v. *Bradbury,* 15 Maine, 207, was a case of new assets
of which the Judge ordered distribution.    But when the de-
cree was made, the money had not been in the hands of the
administrator a single year.    *White* v. *Swain,* 3 Pick., 365,
was also a case of new assets, which were received in Sept.,
1824, and proceedings were commenced in the Probate Court
the same September.    In *Williams* v. *American Bank,* 4 Met.,
317, the question was whether, in competition between the
creditors of the deceased debtor and his widow and heirs, the
creditors were entitled to have interest computed on their
claims, before the widow and heirs could claim any thing un-
der the general statute of distribution.    In *Pierce* v. *Nichols,*
15 Mass., 264, it was decided that after a creditor had filed
his claim before commissioners, on a supposed insolvent estate,
an action at law could not be maintained against the adminis-
trator, if the estate should afterwards prove to be solvent,
but he must pursue the remedy provided in the case of insol-
vent estates.

The case of *Odee* v. *McCrate,* 7 Maine, 473, was an ap-
plication in behalf of an heir at law, and not of a creditor.
The limitation Acts, cited above, do not apply to heirs nor
legatees but to creditors only.

The case of *Green* v. *Dyer,* 32 Maine, 460, would seem, at
first sight, to support the doctrine contended for by the ap-
pellee.    The authority of that case, however, will be found,
on examination, not to sustain that position, but, rather, the
reverse.    The question in that case was not one of new
assets, but arose under the 23d section of c. 120.    The Judge
of Probate, after the expiration of four years from the filing
of the administration bond, revised the list of debts proved
before commissioners, and decreed payment of the claim of
the appellee.    The administratrix interposed the statute of
limitations, and, being overruled, brought the case into this
Court on appeal.    The Court, in their opinion, say, the four

years limitation, relied on in the first reason for the appeal, applies only to *suits brought*, and not to proceedings in the Probate Court. The cases of *McLellan* v. *Lunt*, cited by counsel from the 11th and 14th of Maine, were such suits. The 23d § of c. 120, on which that proceeding depended, refers only to *suits at law*, and not to proceedings in the Probate Court; whereas the 24th section applies as well to any process in the Probate Court, as to suits at law, both being placed upon the same ground. The implication is therefore very strong, if not conclusive, that if the case cited had depended upon the provisions of the 24th section, the decision would have been different. The opinion in that case was delivered orally, and evidently did not receive much consideration. We have no occasion, however, at this time, to question its authority.

It is the policy of the law, in all cases, to require creditors to pursue their rights with diligence; especially is this the case where they have claims against the estates of deceased persons, and that such estates should be closed at as early a day as practicable, having due regard to the substantial rights of claimants. There are good reasons why this should be so. The rights, and frequently the subsistence of widows and orphans, are involved in the settlement of the estates of their deceased relatives. Such parties are generally dependent, and but ill qualified to protect their interests and maintain their rights by protracted litigation. Hence, the law has wisely interposed statutes of limitation for their protection, which take effect at comparatively early periods, leaving, however, ample time within which creditors may, by the exercise of ordinary diligence, enforce their own rights.

An examination of the provisions of the statute, and the authorities cited, leave no doubt in the minds of the Court that the 24th section of c. 120, interposes a conclusive bar against the commencement of any process by creditors, in case of new assets at the end of four years from the time such assets actually come into the hands of the administrator, and that this bar applies as well to any process in the Probate

Court as to suits at law. The Judge of Probate, therefore, erred in decreeing the payment of the specific claim presented by the appellee, and so far his proceedings are reversed. The case is to be remanded to the Probate Court, the assets to be distributed according to the provisions of law. The appellant is entitled to his costs in this Court.

CUTTING, APPLETON and GOODENOW, JJ., concurred.