ASA ᵣTHURLOUGH (*Judge of Probate*) *vs.* ELISHA CHICK and others.

*Decree of probate court—evidence in action on executor's bond.*

The surviving partner of a firm having been duly appointed executor of the will of his deceased partner and given bond in common form as executor, included in his inventory "the whole of the partnership" property and charged himself, in his executor's accounts with "one-half amount of personal estate of" the firm, "except notes and accounts, at the value mentioned in the inventory," together with "one-half of rents collected on the real estate of the firm," all of which the judge of probate allowed against the objections of the sureties on the executor's bond, and thereupon made a decree charging the executor with a balance against him. In an action upon the executor's bond, the question of the sureties' liability came before the law court on facts agreed, wherein it was stipulated that "if the court should be of the opinion that the sureties were liable for one-half of the partnership property, the damages should be assessed by the jury;" and the court decided that the sureties were so liable. *Held,* that the record of the decree of the probate court in the settlement of the executor's account, charging him with a balance against him, was conclusive upon the parties, they having been present and contested the account and taken no appeal from such decree.

ON REPORT.

DEBT on a probate bond given by Henry A. Arey, executor of the last will and testament of James Arey, as principal, and the defendants as sureties. The principal died before the suit was

brought. The action was brought in the, name of Joseph W. Knowlton, Judge of Probate, and now in the name of Asa Thurlow, his successor.

The case came before the full court (vol. 56 Maine, 228) on facts agreed, which were also made a part of this case.

James and Henry A. Arey were, at the time of the decease of the former, copartners in trade under firm name of James Arey & Son.

At the decease of James, Henry A. was appointed executor of the will of his father, and gave the bond in suit in common form. In his inventory he included the personal property, notes, and accounts belonging to the firm, one-half of the appraised value thereof being set down as the property of the estate ; and certain real estate of the firm was inventoried in the same manner. The executor settled two accounts in the probate court. In one he charged himself with " one-half amount of personal estate of James Arey & Son, except notes and accounts," at the value set down in the inventory ; also with " one-half collected on notes and accounts of said firm." In his second account, he charged himself with " balance due on first account ;" with one-half further collection on debts due the firm, and with rents collected on real estate owned by the firm. At the hearing before the judge of probate, on the settlement of the second account, the defendant appeared, resisted the allowance of the same, and claimed that they were not holden on the executor's bond for any part of the partnership property, but only for James Arey's private estate ; but the judge of probate found a balance due from the executor.

Henry A. Arey never gave any bond as surviving partner.

The question presented was whether the defendants, as sureties on the bond of the executor, were holden for one-half of the amount of the partnership property ; and if they were, " the damages to be assessed by the jury."

In this trial the plaintiff claimed the amount due from Henry A. Arey, executor, as by his last account settled in the probate court, viz. : $5,637.25, less $1,255,77, amount to which said executor was

entitled as heir of his testator, and interest thereon from date of writ; and in support of his claim introduced, subject to objection, the record of the probate court of the amount above stated, its settlement, allowance, and approval by the judge. The defendants put in the agreed statement.

If the evidence from the probate court was conclusive of the amount of damages, judgment to be rendered for the penalty of the bond, and execution issue for the balance stated and interest from the date of the writ.

*W. G. Crosby*, for the plaintiff.

*Hubbard & Vose*, for the defendant.

Kent, J. This case was formerly before the court, and is reported in 56 Maine, 228, and the agreed facts in that case are put in as part of this case. It was decided, on the former hearing, that the defendants were liable on their bond for their one-half of copartnership property. The only question remaining is the amount of damages. It was agreed, by the conclusion of the case formerly before the court, that "if the court should be of opinion that defendants are liable for one-half of the copartnership property, the damages are to be assessed by the jury, otherwise the plaintiff to become nonsuit."

When the case came up for a hearing on the question of damages, the plaintiff put in as evidence the records of the court of probate, showing a settlement and decree of that court, charging the executor with a balance of $4,318$\frac{48}{100}$ due from him. This was the only evidence offered by either party. The defendants contend that, although this evidence of the amount due is legally admissible, yet that under the agreement in the former report, it is not conclusive, and that they have a right to have the amount determined by a jury.

We do not understand that agreement to mean anything more than that the case is to stand for trial in the usual manner, subject to the same rules of evidence as other cases. When the case came

·on for trial, the plaintiff put in what he considered legal and sufficient evidence, viz., the records of the probate court. The defendants had a right to offer any evidence they thought pertinent. Or they might have had a verdict of the jury, under the direction of the court, and have taken exceptions to any ruling. But they offered no evidence, except " the agreed facts at the former hearing."

The counsel, however, goes further and contends that the agreement that " the damages are to be assessed by the jury," means that all the questions determined by the probate court, respecting the settlement of the account, are to be opened ·and passed upon by the jury, as if no such decree had been made.

As before stated, we do not see any reason for giving such extended meaning to these words. We think the case comes within the well-established doctrine in this State, that the decree of the court of probate, allowing the account of an executor and decreeing its payment is conclusive upon him, unless appealed from to the supreme court of probate. *Pierce* v. *Irish*, 31 Maine, 254; *Parcher* v. *Bussel*, 11 Cush. 107.

> Judgment for plaintiff for the penalty of the
> bond, and execution to issue for $4,381$\frac{48}{100}$,
> and interest from date of the writ and costs.

APPLETON, C. J.; CUTTING, WALTON, DICKERSON, and DANFORTH, JJ.; concurred.