CLARENCE B. RUMERY, Administrator

CHARLES H. LEIGHTON'S ESTATE, Excepter.

York.   Opinion   January 21, 1924.

*If an executor dies before an account of his administration has been settled, it becomes the duty of the representative of his own estate to account. All parties in interest are entitled to be heard concerning the allowance and settlement of an account.*

In this case the executor of a dead executrix, by way of accounting in behalf of the latter, stated that she received nothing and paid nothing. This excepter, as a party in interest, was privileged to inquire and be heard concerning the account. Since he was denied that right, the exception which he reserved because of the denial, is entitled to be upheld.

On exceptions.   Charles H. Leighton of Biddeford died testate in June, 1897, and his widow, Christiana D. Leighton, was appointed executrix and accepted the trust. Twenty-three years later the

widow died testate without having filed any account as executrix of the will of her husband. Clarence B. Rumery was appointed administrator with the will annexed of the estate of Charles H. Leighton, the husband. This administrator cited the executor of the will of the widow to court to show what she had done in the settlement of her husband's estate. The executor of the estate of the widow filed an account setting out that nothing was received by the widow as executrix and nothing paid out by her, which account was allowed in the Probate Court. On appeal the Supreme Court of Probate ruled it incompetent for the appellant to introduce evidence tending to contradict the account as it was filed and allowed below. Exceptions sustained.

The case is stated very fully in the opinion.

*Clarence B. Rumery,* for the administrator of the estate of Charles H. Leighton.

*Emery & Whitehouse, and Orestes T. Doe,* for the executor of the estate of Christiana D. Leighton.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, WILSON, DEASY, JJ.

DUNN, J. The issues of this case are neither numerous nor complex. The single point concerned is, whether one in interest should have been heard to say that an account, as submitted by the executor of a deceased executrix, was not full and accurate. And the answer, once the relevant facts are stated, is not far to seek.

Mr. Charles H. Leighton, a Biddeford man, died in June, 1897. Two months later his widow was appointed executrix of his will. She accepted the trust. But, although she lived about the space of twenty-three years after, she never filed an account in the probate court having jurisdiction of her decedent's estate.

Mrs. Leighton died testate, and an executor of her will entered upon his duties. At the instance of the executrix of a legatee under the husband's will, administration with the will annexed of goods not administered was granted in that case, and that administrator petitioned that Mrs. Leighton's executor be cited to court to settle an account of how she had executed Mr. Leighton's will. Citation issued. In accounting the executor stated that the dead executrix

received nothing and paid nothing. The account was allowed, unchanged in form, and an appeal was made.

What took place in the court of appeal is recited in the bill of exceptions in these words:

"The appellant called witnesses and offered to prove by their testimony that said Christiana D. Leighton as executrix of the estate of said Charles H. Leighton did receive and take into her possession a large amount of personal property that belonged to him and was his property at the time he died, appellant contending that she should be charged in her account with receipt of that property.

"The justice presiding thereupon ruled that as a matter of law it was not competent for the appellant to show such facts as he offered to prove by introducing evidence extrinsic of the account itself as allowed by the probate court; that the evidence offered was irrelevant and inadmissible; and that the witnesses called by the appellant would not be permitted to testify to any facts tending to show receipt by said executrix of any personal property that belonged to said Charles H. Leighton at the time of his death."

The fallacious árgument that misled a hurried judge, very likely because of the degree of plausibility with which presentation invested it, was: Mrs. Leighton, in her capacity of executrix, as the probate record shows, never proceeded beyond qualifying. Admitting, for argument's sake, that she received property from her husband's estate, it must necessarily be deduced that she had it in an individual and not in a fiduciary way; hence, responsibility being that of her official bond, the account must be accepted as filed.

Whether that bond may or not meet liability is a topic not now in order for discussion. But the virtual ruling, that the remedy against the bond was exclusive, sheared sensible meaning from the language of legislative enactments and judicial decisions. A highly important and early duty of an executor is to keep and settle true and just accounts. The statute requires that he shall render accounts conformably to the condition of his bond; that notice shall be given before allowing any account; and it provides that the accountant may be inquired of under oath. R. S., Chap. 68, Sec. 57. Where an executor dies, not having finally settled an account of his administration, it devolves upon the representative of his own estate to account in his stead. *Nowell* v. *Nowell,* 2 Maine, 75; *Cook* v. *Titcomb,* 115 Maine, 38; *Libby* v. *Jerrard,* 117 Maine, 303.

The word "account" has no rigid technical meaning.   A definition bearing the impress of approval's stamp is, "A list or catalogue of items, whether of debts or credits."   *Theobald* v. *Stinson*, 38 Maine, 149, 152.   An accounting, in the sense that the term is applied to an executor, contemplates the fixing of the charges against him and the allowances to him, on paper, under his signature, supported by oath, after notice, upon hearing in court; and thus settling, between all parties in interest, what the executor is to be responsible for.   And not the least of these is hearing.

The appellant was a party in interest.   Upon him there rested, among other duties, that of collecting from the representative of his predecessor in trust all the undistributed assets of the estate confided to his charge.   R. S., Chap. 68, Sec. 25.   'Being a party in interest he was privileged to be heard.   Since he was denied that right, the exception which he reserved because of the denial, is entitled to be upheld.

Let the mandate be,

*Exceptions sustained.*