In re George V. HYNES and Paul A. Hynes, Appellants from Decree of Judge of Probate.

In re ESTATE of Eleanor G. Wade.

Supreme Judicial Court of Maine.

Jan. 2, 1976.

Eaton, Glass, Marsano & Hammond, by Richard W. Glass, Belfast, for plaintiff.

David A. Nichols, Camden, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

WEATHERBEE, Justice.

The administrator of the estate of Eleanor G. Wade sold three parcels of the decedent's real estate under license by the Judge of Probate of Waldo County and returned to the Court certificates of the sales. He then was obligated to account to the Probate Court charging himself with the amounts received from the sale, 18 M.R.S.A. § 2102, and to account for the personal property and effects named in the inventory. 18 M.R.S.A. § 2301.

The administrator sought to meet these obligations by filing a single First Account in which he acknowledged in Schedule A the receipt of the personal estate at inventory value, amounts received for sale of personal property over appraised value, certain other income *and* the amounts received from the sale of these three parcels of real estate. In Schedule B he claimed as charges against the estate some eighty itemized expenditures including several to the administrator himself for travel expenses.

The appellants here, two heirs at law, objected to the allowance of the account, contending that certain of his disbursements were improper for an administrator. At the hearing on allowance of the account the administrator was examined under oath in relation to his expenditures.

The appellants did not then object to all the administrator's expenditures but only to certain specific ones. They requested the Judge of Probate to rule specifically upon the propriety of each of those expenditures to which they objected. Instead, the Judge decreed only that the account "not be allowed".

Eighteen days later, in the presence of both counsel (but not by their joint consent) he amended his decree, sua sponte, nunc pro tunc, by adding the words "without prejudice to the parties".

Appellants then appealed to the Supreme Court of Probate, alleging that the Judge of Probate's failure to rule separately on each voucher to which they had objected and his consequent disallowance of the entire account is res judicata as to those particular vouchers. They contended the Judge was without authority to permit, by his amendment, a relitigation of these items.

This issue only was presented to the Justice on appeal, by documents and by stipulated facts. The Justice ruled that the Judge of Probate was within his judicial discretion when he amended his decree. We sustain his denial of appeal from the decree of the Probate Court, but for a different reason.

Now, on appeal to us, the appellants again urge the lack of authority of the Judge of Probate to so amend his decree but, here, the appellants also request that this Court (1) affirm the original decree of the Probate Court disallowing the administrator's account in toto or (2) remand to the Probate Court with instructions that he delete the nunc pro tunc amendment and rule upon the specific objections of the appellants.

▇▇▇ It is necessary to examine the effect of a decree by a Judge of Probate on

a petition for allowance of an administrator's account. We are satisfied that a decree of a Judge of Probate *allowing* an account is, if there is no appeal, res judicata as to the correctness of all the listed disbursements claimed by the fiduciary as charges against the estate (except for reopening to rectify mistakes due to fraud or misapprehension by the parties of the true facts). *Coburn v. Loomis,* 49 Me. 406 (1862); *Topsham v. Lisbon,* 65 Me. 449 (1876); *Thurlough v. Chick,* 59 Me. 395, 398 (1871); *Mudgett's Appeal,* 103 Me. 367, 69 A. 575 (1907); *Lewis v. Webb,* 3 Me. 326, 355 (1825); Wilson, Maine Probate Law 314.[1]

Our research, however, has not revealed any cases which discuss the question whether an order simply *disallowing* a multi-item account is a conclusive determination—or even a determination—that all the items contained there were *not* proper charges against the estate. Our own consideration of the question leads us to believe that it must not have that effect. There is a compelling reason for the distinction. An administrator has a statutory duty to account for the correct disposition of the personal property which he has received in his capacity. *In re Rumery, In re Leighton,* 123 Me. 398, 123 A. 179 (1924). An account that contains even a single incorrect item does not satisfy this duty. Thus it follows that while the allowance of an account is a finding by the Judge that all claimed expenditures were proper, an order disallowing an account as such leaves the administrator bound to account again—correctly—for the property he received. This is not to say that the propriety of a claimed item may be litigated again and again. The Judge may specifically—and finally[2]—find that particular items are or are not proper charges against the estate (*see Field v. Hitchcock,* 31 Mass. 405 (1833)) but an order simply disallowing a multi-item account does not settle finally the propriety of any particular claimed charge. It only says that the administrator has failed to make a proper account.[3]

The present case is a classic exhibit for the wisdom of such a rule. The appellants concede that many of the items claimed in Schedule B were proper charges against the estate and no one sought to have them disallowed. On the other hand, the appellants' protest at relitigation of the items they considered to be improper charges is understandable. Certainly, when a Judge of Probate disallows an account because some items are not proper charges against the estate, he should make findings which would give his ruling specificity and conclusiveness, if the evidence permits him to do so.

Although this record is not complete, it contains a letter from the Judge of Probate to appellants' out-of-state counsel, written the day of his nunc pro tunc amendment, from which we infer that, in part, the Judge felt that the administrator's improper[4] attempt to combine his account for his sales of real estate with his statutorily required First Account of his administration so confused the purposes of some of the charges that a proper understanding of the items necessitated separation and refiling.

It also appears from this letter that the Judge's concern over the possibility that

---

1. Of course, the allowance of an account Schedule A of which acknowledges the receipt of certain assets does not excuse the administrator from the duty to account for other assets of the estate which later come into his possession. *See Thurston v. Lowder,* 47 Me. 72 (1859).

2. Subject to the right of timely appeal, of course.

3. A Judge of Probate's disallowance may, when it appears advisable, be accompanied by a citation to account again. 18 M.R.S.A. § 2302.

4. *See Williams v. Morton,* 38 Me. 47, 52 (1854) quoting *Lyman v. Conkey,* 42 Mass. 317 (1840).

his disallowance might be res judicata against the many items in the account to which no objection was made prompted him to amend his decree so that it would operate without prejudice.

The question whether the Judge could make such an order nunc pro tunc is mooted by our conclusion that the disallowance of the account necessitates new and proper filing by the administrator. In fact, the administrator had, prior to oral argument before us, already filed an accounting of his sales of real estate and a new First Account as administrator, in which some, at least, of the objected items do not appear.

During the hearing on the disputed account the appellants had requested specific findings by the Judge as to the items to which they objected. The Judge was obligated to have made such findings if the state of presentation of the issues to him permitted. We infer from his letter that he considered that he could not do so because of the unfortunate combining of the two accounts. The record does not enable us to conclude that he could now, belatedly, make such findings from the evidence he heard then.

Facing these realities, as we must, we can only leave the appellants with their rights which follow from the Judge's order of disallowance—that is, the opportunity to examine and object to the new accounts and to request and receive specific rulings as to items to which they object.

The entry must be:

Appeal denied.

All Justices concurring.