CHARLES BRADBURY, *Appellant, vs.* WILLIAM JEF-FERDS, *Executor.*

Where the personal estate of a testator proves insufficient for the payment of his debts, and the executor sells real estate specifically devised, on license for the payment of debts, and pays the money legacies in full, which, as well as the debts, by the terms of the will were directed to be paid from the personal estate, and renders an account, which is allowed by the Judge of Probate, wherein the payment of these legacies is charged; and where, after the lapse of fourteen years, personal estate comes into the hands of the executor, and he renders another account; the executor is not bound to account for the amount of the money legacies thus paid, to repay the devisees for the loss of their real estate.

THIS was an appeal from a decree of the Judge of Probate that the executor should not be held to account for the benefit of the devisees of the real estate under the will of *Daniel Walker,* for a balance arising from the sale of the devised real estate, on license *for the payment of debts,* and appropriated by him to the payment of the money legacies directed in the will to be paid from the personal estate, and to the payment of a sum allowed by the former Judge of Probate, to the widow, on her relinquishing the provision made for her in the will. There never was any decree directing the payment of this money to the legatees, or to the widow, but the sums thus paid were charged as paid in the account of the executor, allowed by the Judge of Probate, after notice by publication in a paper, in *January,* 1822. The appellants were then minors, but had a guardian. The facts in the case, *Walker* v. *Bradbury, ante, p.* 207, are to be considered as in this case. The relinquishment by the widow of the provision for her in the will, and the allowance made to her by the Judge, was in 1820.

The case was argued in writing.

*J. Shepley*, for the appellant, remarked, that as the executor had chosen to resist the legal and equitable right of the devisees to the acknowledged balance, and had entered an appeal from the decree of the Judge, he ought not now to complain, if he is held to account strictly according to law for the other property in his hands.

It is as well settled as any law in the books, that when money legacies are given in a will, to be paid out of the personal estate, and when real estate is specifically devised, that the real estate cannot lawfully be held to pay, or to contribute the payment of those money legacies. *Hayes J.* v. *Seaver*, 7 *Greenl.* 237; *Humes* v. *Wood*, 8 *Pick.* 478; 2 *C. & Rand's Powell on Mort.* 861. No decree of the Judge of Probate was made, that these legacies should be paid, and if there had been, it would have been void, as the remedy for a legacy is solely by an action at law, or on the probate bond. Where the Judge of Probate has no power to act, no writ of error is necessary to reverse the proceedings; but where on their face they are erroneous, the acts are merely void. *Davoll* v. *Davoll*, 13 *Mass. R.* 264; *Smith* v. *Rice*, 11 *ib.* 513. Nor is the charge of the amount thus paid in the account any protection. It would be strange, if this could have greater power than a regular decree. The case of *Cowdin* v. *Perry*, 11 *Pick.* 511, is directly in point. There had been in that case, a decree, that the legacy should be paid; the executor had paid it, and charged it in his account, and his account had been allowed; and the person entitled to the money by law was actually present and entered no appeal, and expressed no dissent. And yet the Court required the executor to pay the money again to the person rightfully entitled to it. So far as this principle is in question, *Field* v. *Hitchcock*, 14 *Pick.* 405, is in accordance with *Cowdin* v. *Perry*. On the presentment of a new account, also, any errors in former ones may be corrected. *Saxton* v. *Chamberlain*, 6 *Pick.* 422; *Jennison* v. *Hapgood*, 7 *Pick.* 1.

The payment to the widow, though less unjust, is no more legal than the payment of the legacies. As the law then was, the Judge of Probate had no power to make an allowance to the widow of a testator, who waived the provision made for her in the will. *Mass. stat. Ed.* of 1807, *p.* 111, § 8; *Currier's Case*, 3

*Pick*. 375. Mere lapse of time gives the executor no right to retain this property. There is no limitation to his accountability, although the sale has become valid by lapse of time.

*D. Goodenow*, for the executor, argued : —

1. The legatees stand before the devisees in order in the will, and were in some degree in the condition of residuary devisees. It was no more the intention of the testator, that these legacies should remain unpaid, than that those who had already received their portions should pay them back. And so all parties understood it, and acquiesced for fourteen years.

2. The payment was charged in the executor's account and not appealed from, and all parties must be considered as assenting to it.

3. The decision in *Currier's* case, cited on the other side, is not supported by reason or authority, and is such a narrow and technical construction, and so contrary to common understanding, that it has since been abrogated by the legislature. The Judge of Probate had discretionary power to make the allowance. But the payment was allowed to the executor on notice, and not appealed from, and it is now too late to agitate the question.

The case was continued for advisement, and the opinion of the Court was afterwards drawn up by

WESTON C. J. — It is objected, that a sum of money, paid by the executor, to the widow of the deceased, in virtue of an allowance made to her by the Judge of Probate, was not warranted by law. If it was not, being paid out of the personal estate, it occasioned the sale of a greater part of the real estate, which was specifically devised. The payment of the pecuniary legacies, which is also objected to, had the same effect.

There was a final settlement of all the estate of the deceased, then known to be available, by the executor in the Probate office, after due notice, under the sanction of a former Judge of Probate, more than fourteen years before this appeal was claimed. It is insisted, that the license in 1820, for the sale of the real estate, was for a greater sum than was warranted by law, by the amount of the legacies and the allowance to the widow. If the license was unauthorized, the law allowed the devisees five years to assert their title, from the time they became of full age, after which they can-

not impeach a sale made under such license, it being the policy of the law, that objections of this sort should not be sustained, unless interposed within a reasonable time.

Executors and administrators are by law to account with the Judge of Probate, to whom jurisdiction is expressly given for this purpose. *Statute* of 1821, *c.* 51, § 1. And in all matters of this kind, they ought as it seems to us, to be protected, where they act under the advice, direction and sanction of that court. The Judge may err as to the legal rights of parties before him, as well as in the discharge of his own duties, to correct which an appeal lies, if seasonably made, to the Supreme Court of Probate. This is the regular, and perhaps the only mode of revision, in regard to a matter within his jurisdiction.

If a court of common law, in certain cases, may treat the act or decree of a Court of Probate as a nullity, it does not follow, that the Judge of Probate may treat in the same manner the act or decree of his predecessor, in regard to a matter long since closed, because in his judgment he acted erroneously. One Judge of Probate has no authority to correct the errors of another, nor can he reverse or alter his own decrees, in regard to a past transaction. If it were so, executors, administrators and others, who act under the supervision of that court, could never trust to its sanctions, or be secure from having their proceedings unravelled at a future day.

All the former known assets of this estate had been settled. After the lapse of many years, other assets unexpectedly accrued. Of these the executor rendered an account to the Judge of Probate, as it was his duty to do. This could not in our judgment have the effect to open the former accounts, which had been adjusted long before. And the question before us is, whether the Judge was bound to require the executor to account again, for a part of what had been previously settled. We are of opinion, that the Judge was right in refusing to do so ; and this part of his decree is accordingly affirmed.