JAMES H. COUSENS, in Equity,

*vs.*

THE ADVENT CHURCH OF THE CITY OF BIDDEFORD.

York.   Opinion December 5, 1899.

*Will.   Probate.   Equity.   Jurisdiction.   R. S., c. 64, §§ 7, 19.*

This court sitting in equity, cannot establish an unprobated will.

If, after probate of a will, a later will, which revokes the first, is found, it should be presented for probate to the probate court. From the decree of that court an appeal lies to the supreme court of probate.

The prior probate of the earlier will does not preclude the probate of the later will. If the later will revokes the former, upon its probate, the court authorized to admit wills to probate has authority to revise or revoke the former decree, so far as to give effect to the last will.       ○

IN EQUITY.   ON EXCEPTIONS BY PLAINTIFF.

Bill in equity praying that the defendant corporation be required to pay to the plaintiff a legacy of three thousand dollars, and other sums and bequests, which he claimed were due him under the will of Charles E. Rumery, deceased, made in 1884 and alleged to have been fraudulently suppressed or destroyed by Eliza A. Rumery, his wife, and never probated.

The defendant answered and demurred to the bill, and the presiding justice having sustained the demurrer, the plaintiff took exceptions to this ruling and order of the court.

The case is stated in the opinion.

*J. M. Stone and C. S. Hamilton*, for plaintiff.

There is in the probate court no plain, adequate and complete remedy at law.

We learned the fact, so as to be able to prove the existence of the will of 1884, and the bequest to Mr. Cousens in it, too late to bring a writ of error, under our statute; and upon a writ of review, if granted us, we cannot reverse the judgment in whole or in part. *Curtis* v. *Curtis*, 47 Maine, 528.

Proceedings in probate court "are not according to the course of the common law, but they are creatures of the statute, having a special and limited jurisdiction only. Hence we must look to the statute for the jurisdiction in a given case. While all their decrees, made within their jurisdiction are conclusive unless appealed from, those without their jurisdiction, may be called in question, even collaterally." *Fowle* v. *Coe*, 63 Maine, 248, and cases there cited. For sixty years it has been settled in Maine, that "one judge of probate has no authority to correct the errors of another, nor can he reverse or alter his own decrees, in regard to a past transaction. If it were so, executors, administrators and others, who act under the supervision of that court, could never trust to its sanctions, or be secure from having their proceeding unravelled at a future day." *Bradbury* v. *Jefferds*, 15 Maine, 215. Valid reasons then and now.

*Waters* v. *Stickney*, 12 Allen, 1, apparently supports the respondent's position. But when critically examined, it does not support it. For it is expressly said in that case that, "the authority of the probate court to revoke its own decrees is expressly recognized and declared by the statutes of the commonwealth, in some cases." And the statutes conferring upon the probate court that power are cited. And it is further said, that "this accords with the practice in the ecclesiastical courts in England" based upon the peculiarity of their practice and jurisprudence. And this case also is inapplicable to the present one, for the further reason, that it is there said: "The new decree would not necessarily avoid payments made, or acts under the old decree, while it remained unrevoked;" which is the very power now and here invoked.

Neither does *Gale* v. *Nickerson*, 144 Mass. 415, support the respondent's contention. Because the court there says, that the petition for review presented in that case: "Nowhere specifies any fraud practiced upon the court or the parties interested. It nowhere alleges that there is any newly discovered evidence upon the issues which it seeks to rely. All the issues were open and tried in the probate court, before the decree allowing the will, and they are all raised in the reasons for appealing from the decree filed in this case. The very matters now sought to be reopened were

tried and determined there." Neither of these cases, therefore, is applicable to the present one, because fraud and newly discovered evidence are the very gist of the present bill.

*J. O. Bradbury, Geo. F. and Leroy Haley,* for defendant.

SITTING: PETERS, C. J., HASKELL, WISWELL, STROUT, FOGLER, JJ.

STROUT, J. Demurrer to the bill was sustained by the justice hearing the case, and exception taken. The only question is, whether the case made by the bill, if proved, affords ground for the equitable relief sought.

The bill alleges that Charles E. Rumery made his will on the sixteenth day of January, 1870, and died on May fourteenth, 1885. This will was admitted to probate, by decree of the probate court, and on appeal by complainant, by the supreme court of probate; that under this will Eliza A. Rumery, his wife, took all of the estate of Charles—and that by her will she gave it to defendant, who since her death has received and still holds the same.

It alleges that in the summer or fall of 1884, Charles E. Rumery made another and later will, in which he gave complainant three thousand dollars, and he believes other valuable gifts; that Charles exhibited this will to his wife, and told her that he had given complainant three thousand dollars; that thereupon she became very indignant, and said complainant should never receive a cent of it; that this last will was fraudulently concealed or destroyed by Eliza, and has never been found; that at the time of the probate of the will of 1870, complainant was unable to prove the execution and contents of the later will of 1885, but that he has since discovered and is now able to make such proof; that defendant has already received, as legatee of Eliza, a little over $6,000, and will receive $1,000 more on the death of this complainant, which is now held by a trustee. It charges that by law the defendant holds this sum of $6,000 in trust to pay the complainant the three thousand dollar legacy to him, and other sums given him by the will of 1884. The prayer is that defendant be

decreed to pay complainant " three thousand dollars and such other sums and bequests as were therein given to him in the last will and testament of said Charles E. Rumery" and for other relief.

Wills do not become operative until proved and established in some court having jurisdiction for that purpose—in this state, by allowance by the court of probate, or the appellate supreme court of probate. No other tribunal can give effect to a will. Until established in that forum it has no life. This court, sitting in equity, cannot establish and execute an unprobated will. The first step for complainant to take, is to prove his later will in the probate court.

But the complainant says he cannot do this, because an earlier will has been admitted to probate, and the judgment in that case is final, conclusive and cannot be revoked. It may be that what has been done by the executor under that will, and its probate, will protect the executor; but it does not follow, that upon the probate of a later will which revokes the earlier, the estate may not be followed in the hands of the legatees who received it under the earlier will. Our statutes make no provision for a new trial, or review in case of an appeal allowing a will. But if a will, admitted to probate, is afterwards found to be a forgery, or the testator proves to be alive, or a later will is discovered, it would be a reproach to the law to hold that such erroneous decree must stand. If it is to be corrected, it would seem it should be done in the court having jurisdiction of the subject matter—in the probate court in the first instance, and by appeal in the supreme court of probate. This course is more convenient and much more logical than an appeal to a court of equity, to annul or revise the decree of another court of special and exclusive jurisdiction in such matters. It is said in *Gale* v. *Nickerson*, 144 Mass. 415, "there is an inherent power in probate courts, in cases where justice clearly requires it, to revise such a decree. Thus, if, after a will is proved, a later will or codicil is discovered, or if there is newly discovered evidence proving that a will is forged, the court may reopen the case and revise the decree." It is also there said that, "it is more in harmony with our system, and more convenient in practice, that

a motion for a new trial or rehearing of a decree of the probate court, affirmed by the supreme court of probate, should be heard in the first instance in the probate court."

The same question is fully discussed in *Waters* v. *Stickney*, 12 Allen, 1, 12, 13, and the same result reached. In that case it is said: "A court of probate has no more power by a decree establishing one testamentary instrument to preclude the subsequent probate of a later one never before brought to its notice, than by a decree approving one account to discharge an administrator from responsibility for assets not accounted for." . . . "There is no reason why the probate of a will which does not express the last intentions of the testator should be held irrevocable, more than letters of administration issued upon the supposition that the deceased died intestate."

In *Bowers* v. *Johnson*, 5 R. I. 119, the supreme court of Rhode Island held that the power to revoke a probate once granted, though nowhere expressly recognized in the statutes of that state, was a just and necessary power to be implied from the statute granting general authority to "take the probate of wills and grant administration on the estate of deceased persons," and might be exercised incidentally to an application for the probate of a later will. See also *Muir* v. *Trustees of the Orphan House*, 3 Barb. Ch. 481. So it is held that after probate of a will, a later will may be admitted to probate by the court which granted the first probate. *Clogett* v. *Hawkins*, 11 Maryland, 281; *Schultz* v. *Schultz*, 10 Gratt. 358.

The power of the probate court to revoke a decree granting administration is recognized in R. S., c. 64, § 19, which requires an administrator to give a bond, with the condition, among others, "to deliver the letters of administration into the probate court, in case any will of the deceased is thereafter proved and allowed." In the same chapter, § 7, provision is made for admitting to probate lost or suppressed wills, on the testimony of the subscribing witnesses or "by any other evidence competent to prove the execution and contents of a will." For a construction of this statute see opinion of PETERS, C. J., in *Rich* v. *Gilkey*, 73 Maine, 603.

To grant the prayer of the bill would require this court, sitting in equity, to assume the jurisdiction of the probate court, and establish and execute a will, never presented to a court of probate. This is beyond the province of equity. *Wolcott* v. *Wolcott*, 140 Mass. 194.

The complainant must seek relief by proving the later will in the probate court, in the first instance.

> *Exceptions overruled. Demurrer sustained.*
> *Bill dismissed with costs.*