ULYSSES G. MUDGETT, Admr., Appellant
from decree of Judge of Probate, estate of John Porter.

Penobscot.    Opinion December 28, 1907.

*Probate Courts.    Decrees.    Conclusiveness when not Appealed From.    R. S.,
chapter 67, section 20.*

Decrees of the Probate Court upon matters within its jurisdiction when not
appealed from are conclusive upon all persons.

Decrees of the Probate Court upon matters within its jurisdiction when not
appealed from are in the nature of judgments and cannot be impeached
collaterally.

The right of appeal is given for the purpose of correcting errors and it is
important for the security of judgments that this right of appeal should be
subject to the reasonable limitations of the statute.

In the case at bar, the Judge of Probate allowed the fourth account of the
administrators of the estate of a deceased intestate. In this account the
administrators were allowed for certain items paid under an order of distri-
bution to the twenty-two nephews and nieces of the deceased. In accord-
ance with this order and a previous order of distribution, personal estate
amounting to $16,891.67 was distributed to the nephews and nieces per
stirpes, whereas the orders should have provided for a distribution per
capita. In both petitions for distribution the Probate Court had jurisdic-
tion and all proceedings with reference to said petitions were regular and in
accordance with the statute, and the time for appeal from both decrees
of distribution has long since elapsed.

*Held:* That these matters were within the jurisdiction of the Probate Court
and its decrees not being appealed from were conclusive, and that a com-
pliance with the orders of distribution releases the administrators from all
further liability as to the assets distributed under the orders.

On report.    Appeal dismissed with costs.

Appeal from the decree of the Judge of Probate, Penobscot
County, allowing the fourth account of Stephen Mudgett and Ben-
jamin F. Porter, administrators of the estate of John Porter late
of Dixmont in said county, deceased intestate. The appellant,
Ulysses G. Mudgett, is the administrator of the estate of Andrew
Mudgett who died June 24, 1901, and who was a nephew and one
of the heirs at law of the aforesaid John Porter.

The matter came on for hearing at the April term, 1907, of the Supreme Judicial Court, Penobscot County, at which time an agreed statement of facts was filed and the case was then reported to the Law Court for decision.

The sole heirs at law of the said John Porter were twenty-two nephews and nieces, and $16,891.67 was distributed to these nephews and nieces per stirpes instead of per capita.

The case sufficiently appears in the opinion.

*E. M. Simpson and U. G. Mudgett*, for appellant.

*E. C. Ryder*, for Benjamin F. Porter, administrator.

*George H. Worster and E. C. Ryder*, for Stephen Mudgett, administrator.

SITTING : EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, JJ.

PEABODY, J.   The case is reported to the Law Court on an agreed statement of facts.

It is an appeal from the decree of the Judge of Probate of Penobscot County allowing the fourth account of Stephen Mudgett and Benjamin F. Porter, administrators of the estate of John Porter, deceased intestate.

In the fourth account the administrators were allowed for certain items paid under an order of distribution to the twenty-two nephews and nieces of the deceased.   In accordance with this order of distribution and a previous order of distribution, personal estate amounting to $16,891.67 has been distributed to the nephews and nieces per stirpes whereas the orders should have provided for a distribution per capita.

In both petitions for distribution the Probate Court had jurisdiction and all proceedings with reference to said petitions were regular and in accordance with the statute.   The time for appeal from both decrees of distribution has long since elapsed.

It is alleged in the reasons of appeal that the administrators should have been charged in this account with $15,963.05, the amount which was allowed in a prior account as paid under the first decree of distribution and that they should not have been

allowed in the present account the sum of $928.62 paid under the second decree of distribution, it being claimed by the appellant that both decrees of distribution were null and void and beyond the authority of the Judge of Probate to make : and that the decree upon a prior account in which the sums paid under the first decree of distribution were allowed was likewise invalid or at least open for correction. Objection is also made on the ground that the several sums paid distributees and stated in the present account were actually paid in advance of the decree of distribution.

Decrees of the Probate Court upon matters within its jurisdiction when not appealed from are conclusive upon all persons. Such decrees are in the nature of judgments and cannot be impeached collaterally. *McLean* v. *Weeks*, 65 Maine, 411 ; *Harlow* v. *Harlow*, 65 Maine, 448 ; *Decker* v. *Decker*, 74 Maine, 465 ; *LeBroke* v. *Damon*, 89 Maine, 113 ; *Taber* v. *Douglass*, 101 Maine, 363.

The issues raised by the two petitions of distribution were those stated in sec. 20 of chap. 67 of R. S., viz :

"When on the settlement of any account of an administrator or executor, there appears to remain in his hands property not necessary for the payment of debts and expenses of administration nor specifically bequeathed, the judge upon the petition of any party interested after public notice and such other notice as he may order shall determine who are entitled to the estate and their respective shares therein under the will or according to law and order the same to be distributed accordingly."

These matters were within the jurisdiction of the court and its decrees not being appealed from were conclusive. The right of appeal is given for the purpose of correcting errors and it is important for the security of judgments that this right of appeal should be subject to the reasonable limitations of the statute.

The matters adjudicated by the decrees of distribution are not again properly before the court for consideration.

The statute R. S., chapter 67, section 20, further provides that, "When an executor, administrator, guardian or trustee has paid or delivered over to the persons entitled thereto the money or other

property in his hands as required by a decree of a Probate Court, he may perpetuate the evidence thereof by presenting to said court without further notice within one year after the decree is made an account of such payments or of the delivery over of such property; which account being proved to the satisfaction of the court, and verified by the oath of the party shall be allowed as his final discharge and ordered to be recorded."

The first decree of distribution was dated the 31st of December, 1898, and the administrators' account showing distribution of the sum of $15,975.15 in accordance with the order was filed May 1st, 1899, and therefore fulfilled the requirements of the statute and became upon its allowance without appeal a final discharge as to the funds therein accounted for. These funds are therefore not subject to further administration and the administrators cannot be charged with them.

The last decree of distribution was May 20th, 1903, and the administrators' account was filed at the February term, 1906. Although the account did not in this respect fulfill the statutory requirement as to the time this informality effects only its availability as evidence of the facts to which it relates and its character as a discharge of the administrators with reference to the funds accounted for. Otherwise it is in the nature of an account of distribution. In such an account no question is raised as to the due administration of the estate distributed, the only question being whether the funds were in fact distributed in accordance with the order of the court.

There is, therefore, no ground for objecting to the allowance of the payments made in accordance with the order of distribution. And whether allowed or disallowed in this account it would seem that the administrators could not be placed in any different position in fact since the compliance with the order of distribution itself releases the administrators from further liability as to those assets, 18 Cyc. 628. And the account of distribution is only for preserving evidence of this release.

*Appeal dismissed with costs.*