ROUJINA MANSOUR ROUKOS

APPELLANT FROM DECREE OF JUDGE OF PROBATE

IN RE ESTATE OF MANSOUR HANNA

ROUKOS.

Kennebec.   Opinion, October 24, 1944.

*Alfred A. Matthieu,*

*William H. Niehoff,* for the appellant.

*Gordon F. Gallest,*

*Harvey D. Eaton,* for the appellees.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

CHAPMAN, J. Mansour Hanna Roukos, otherwise known as Mansour John Roukos, died February 3, 1940, testate, leaving a widow, the appellant in this action, and a brother and sister. Upon probate of the will the widow waived the provisions thereof and, by reason of such waiver, took the same share in the real estate of her deceased husband as is provided by law in intestate estates. R. S. 1930, Chap. 89, Secs. 13, 14.

By Sec. 1, I, of the same chapter, a widow of a person deceased intestate, leaving kindred but no issue, takes one-half interest in the real estate, subject to the payment of debts; but, in any event, one-third interest free from payment of debts.

The inventory of the estate disclosed two parcels of real estate, one of which was appraised at $6,300, subject to a mortgage of $600, and the second at $3,000, subject to a mortgage of $1,100, making a total equity in the real estate of $7,600.

The executor of the estate presented to the Probate Court under the provisions of R. S. 1930, Chap. 85, Sec. 1, I, a petition alleging that the personal estate was insufficient to pay the debts of the deceased's funeral expenses, legacies and expenses of sale and administration and for the erection of a suitable marker or gravestone; and that it was therefore necessary to sell some part of the real estate and, further, that the residue would be greatly depreciated by the sale of

any portion thereof. It was asked that license issue to make sale of the whole of the said real estate.

The petition stated that the debts of the estate amounted to $352.50 and that the expenses of sale and administration would amount to $600,—a total of $952.50. It further stated that the value of the personal estate was $67.16. The petition was granted and a license issued for the sale of all of the real estate subject to the right of the widow.

R. S. 1930, Chap. 85, Sec. 1, so far as it applies to a consideration of the case, provides as follows:

"Sec. 1. Judges of probate, who have jurisdiction of the estate may license the sale, mortgage, lease, or exchange of real estate and any interests therein, in whatever county situated, in the following cases, on application:

I. Of executors and administrators, including public administrators, for power to sell so much of such estate of the deceased as is necessary to pay debts, funeral charges, legacies, expenses of sale and administration, and for the erection of a suitable marker or gravestone.

"III. Of executors, administrators, or guardians, when it appears by the petition and proof, that the residue would be greatly depreciated by a sale of any portion under the foregoing authority, to sell the whole, or such parts thereof as will not injure the residue."

Sale was made to Nimon Rokos Heed and Mary Rokos Heed, the defendants in this action, and certificate of sale of two-thirds, undivided, of the real estate of the deceased testator for the sum of $2,800 was returned into the Probate Court. Subsequently, the purchasers of the two-thirds inter-

est brought petition in the Probate Court for partition of the said properties. The widow appeared in opposition and claimed that the license and sale which had been granted were invalid.

The petition was granted, the court holding that the decree was not open to collateral attack; whereupon the present action of petition to annul the decree granting license to sell the real estate was filed. The Probate Court denied the petition and, upon appeal to the Supreme Court of Probate, the decision of the Judge of Probate was sustained whereupon exceptions to his ruling brought the matter to this court.

The statute above quoted is the authority for a Probate Court to assume jurisdiction when allegation is made of the insufficiency of personal property to pay debts, etc., and to authorize the sale of all of the real estate upon allegation that the residue would be greatly depreciated by a sale of any portion. The petition for license to sell contains these allegations and the court had jurisdiction to take consideration of the matter and issue decree. It appearing upon the face of the records of the Probate. Court that the statutory requirements as to procedure had been complied with, the decree was not open to collateral attack. It was entitled to full force and credit so long as it remained of record as the decree of the court. This court so decided when the case was formerly before us upon exceptions to the decree of the Probate Court granting to the purchasers of the real estate their petition for partition. *In re Roukos' Estate,* 140 Me., 183, 35 A. (2d), 861.

However, the Probate Court having taken jurisdiction of the matter, was bound to proceed, as a fact, to exercise that jurisdiction in accordance with the admonition of the statute. The Probate Court is a statutory court and must exercise the jurisdiction vested in it by the statute and in the manner prescribed therein. *Snow* v. *Russell,* 93 Me., 362, 374, 45

A., 305, 74 Am. St. Rep. 350; *Thompson, Appellant,* 116 Me., 473, 476, 102 A., 303. A failure to comply with the admonition of the statute will lay the decree open to direct attack.

The present action is such attack. It claims that the decree was not the result of consideration of the matter in accordance with the requirements of the statute in that no proofs in support of such decree were received by the Judge of Probate.

The contention of the respondents is that the decree in the Probate Court was upon a matter within its jurisdiction, and cannot be impeached. Neither in any of the proceedings upon the record presented nor in the brief of counsel for the respondents is claim made in justification of the decree on its merits.

The bill of exceptions allowed by the Presiding Justice of the Supreme Court of Probate discloses that the petition to annul set forth every step in the progress of the case from the beginning of administration in the Probate Court and that certified copies of all papers in the court below were presented and received at the hearing by the Presiding Justice in consideration of the case. All papers so presented in the Supreme Court of Probate and all docket entries in that court and in the Probate Court were printed and made a part of the bill of exceptions.

Counsel for the respondents in their brief claim that the certified copies of the proceedings in the Probate Court were before the Supreme Court of Probate for the limited purpose of "assisting the court to understand the background of the case" and "not as evidence." This is not in accordance with the statement in the bill of exceptions allowed and signed by the Presiding Justice. We are bound to give credit to the statements contained in such a bill of exceptions. *Colby* v. *Tarr,* 139 Me., 227, 29 A. (2d), 749. The record does not show objection raised by the appellees to the allowance of the bill of exceptions. It must be considered that in the rec-

ord presented the Presiding Justice had evidence before him. The decree of the Presiding Justice of the Superior Court, sitting in the Supreme Court of Probate, contained the following statement:

> "The case comes before the Superior Court, being the Supreme Court of Probate, on the original petition, the amendment, and the decree of the Judge of Probate upon said petition. No evidence was offered in support of said petition.

> "IT IS THEREFORE ORDERED ADJUDGED AND DECREED that said appeal be and hereby is dismissed for lack of evidence to support said petition."

It is apparent that the ruling was based upon the failure to present evidence extraneous of the complete record of the steps taken in the proceedings in the Probate Court.

The matters appearing upon the record are of such nature that, unexplained, they cannot fail to produce the conviction that the decree did not represent a judgment of the court founded upon proofs as required by the statute. Unexplained, the records of the Probate Court together with the allegations of the petition, required the judge to deny the petition to sell both parcels. According to the inventory, sworn appraisers appointed by the Probate Court appraised one parcel of real estate at $1,900 and the other parcel at $5,700. The discrepancy between the value of the personal property and the debts was $285.34. To that it was necessary to add an estimate of the expense of sale and of the administration. The estimate of $600 for these expenses was grossly in excess of a fair estimate.

As the matter was presented to the Judge of Probate, in all reasonable expectation a two-thirds interest of either parcel of real estate would sell for more than enough to meet the

debts and all expenses. The descriptions of the parcels of real estate, presented in the petition to sell, indicated upon their face that there was no connection between the parcels that would cause the value of one to be depreciated if the other parcel was sold. Yet decree was entered for the sale of both parcels and a two-thirds interest in real estate valued, according to the inventory at $7,600, was sold for $2,800 and return made to that effect, an amount slightly more than one-half the value of the interest sold, upon the basis of values stated in the inventory.

It is true that the values set by the appraisers may have been incorrect, but the contents of the inventory which had been accepted by the court could not be entirely disregarded. Because of the importance of correct values in the inventory in assessing the inheritance tax, it is significant that no move was made to correct the inventory if the values put upon the real estate by the appraisers were so excessive as would be indicated by the sale price. Likewise the indication upon the face of the petition to sell that there was no connection between the parcels such that would cause the residue to be depreciated by a sale of any part, was for his consideration.

If there was explanation that would justify a different interpretation of the situation disclosed to the Judge of Probate upon presentation of the petition to sell the real estate, the respondents have not seen fit to disclose the same. They likewise have failed to deny the allegations contained in the petition to annul. It was for the interest of the executor and the grantees, the defendants in the case, to offer any explanation that would rebut such a lack of justification for the decree as appears upon the face of the proceedings, and their failure in these respects cannot be disregarded.

Corrections of the ordinary mistakes of a tribunal in the interpretation of law or findings of fact should be sought in appropriate appellate procedure; but the Probate Court in common with all courts has authority to rectify its own mis-

takes if the act complained of is the result of procedure not in accordance with its authority or is so the result of inadvertence or mistake that it is in truth not the act of the court. 31 *Am. Jur., Judgments,* Sec. 716; *Waters* v. *Stickney,* 12 Allen, 1, 90 Am., Dec. 122; *Harris* v. *Starkey,* 176 Mass., 445, 57 N. E., 698, 79 A. M., St. Rep., 322.

The information contained in the record before the Presiding Justice and existence of a decree so inconsistent with the matters upon the record and apparently so contrary to equity and justice, unexplained, was ample evidence that the decree was not the result of the procedure prescribed by the statute, but rather the consequence of inadvertence and mistake.

For these reasons the Presiding Justice was in error in dismissing the petition for want of evidence. The exceptions must be sustained.

*Exceptions sustained.*