LEEPER *v.* WILSON, SPECIAL ADMINISTRATOR ETC.

[No. 19,399. Filed January 11, 1960. Rehearing denied February 18, 1960.]

From the Marshall Circuit Court, *Roy Sheneman,* Judge.

*George L. Rulison,* of Ligonier, and *Vernon, Hartzog, Barker & Hepler,* of Goshen, for appellants.

*Marshall F. Kizer,* and *Chipman & Chipman,* both of Plymouth, for appellee.

MYERS, C. J.—This is an appeal from a judgment, order and decree approving the final accounting and report submitted by appellee as Special Administrator of the Estate of John Leeper, Deceased. A motion to dismiss the appeal or affirm the judgment has been filed by appellee on the ground that the transcript and assignment of errors were not filed in time, pursuant to Rule 2-2 of the Supreme Court of Indiana.

It appears from the record that John Leeper died on the 11th day of November, 1955, leaving children by a first wife and a second childless widow, the appellant herein. On November 29, 1955, the estate was opened on petition of the decedent's daughter, and a special administrator, the appellee herein, was appointed. Proof of publication of notice of administration was filed on December 12, 1955, and on December 16, 1955, an inventory of the estate was filed. On December 20, 1955, appellee petitioned the court to sell certain personal property which allegedly belonged to the decedent. On December 23, 1955, appellant filed an answer to this petition in which she stated that she had a one-half interest in most of the inventory, free from debt, including the personal property to be sold, by reason of an antenuptial contract which was signed and entered into between the decedent and appellant. The court ordered the property sold, and the special administrator to hold the proceeds in trust until the respective rights of appellant, the creditors and beneficiaries of the estate

had been determined. The property was subsequently sold and the proceeds retained by the appellee in a special account.

On November 7, 1956, appellant filed a complaint in three paragraphs against appellee in which she averred that one-half of the personal property belonged to her by reason of the antenuptial contract. This was not filed in connection with the probate proceedings involving the administration of the estate, but as a separate civil action in the Marshall Circuit Court. Appellant requested a change of venue from the county, which was granted, and the cause was venued to the Kosciusko Circuit Court. Appellee appeared specially and filed a motion to dismiss on the ground that this was a matter involving the administration of an estate in the Marshall Circuit Court, Probate Division, wherein appellant should have filed a claim, and not having done so within the six-month period following the first publication of notice of administration of the estate, she was forever barred from pursuing any action to enforce the claim. This motion was overruled and all the papers were remanded to the Marhall Circuit Court, Probate Division, as of January 27, 1958.

In the meantime, on January 12, 1957, appellee filed his final report and accounting, and, pursuant to notice, it was set for hearing on February 5, 1957. Apparently there was an attempt on that date by appellant to file objections to the final report, but no further action was taken by the court then.

The court finally set the final report for hearing on May 18, 1959, at which time both parties appeared in court. Appellant moved for more time within which to file objections, which motion was overruled. The court being duly advised in the premises, thereupon approved

the final report, finding that no objections had been filed and that appellant had no interest in the estate. Judgment was so entered as of that date. Appellant filed a barrage of motions to vacate and set aside the judgment thereafter, among them being a motion for a new trial, dated June 16, 1959. On July 3, 1959, the court overruled these motions, including the motion for a new trial. On July 15, 1959, appellant filed an amended motion for a new trial, which was overruled as of that date. Appellant then filed her praecipe for a transcript of the record. On October 9, 1959, she filed the same, together with her assignment of errors, in the office of the Clerk of the Appellate Court.

Rule 2-2 of the Supreme Court of Indiana requires that the assignment of errors and transcript of the record be filed with the Clerk within ninety days from the date of the judgment or the ruling on the motion for a new trial. If there are valid reasons the rule permits a reasonable extension of time for the filing of the same. No such extension of time was granted in this case. Appellee claims that the judgment, having been rendered on May 18, 1959, appellant should have filed her transcript and assignment of errors on or before August 17, 1959, being ninety days from the date of judgment; that, even if the motion for a new trial were proper, since it was overruled on July 3, 1959, appellant was required to file her assignment of errors and transcript on or before October 1, 1959, being ninety days from the date of the overruling. Appellant claims that she has perfected her appeal within time, as the amended motion for a new trial was overruled as of July 15, 1959.

Appellant's purported rights in the estate by virtue of the antenuptial agreement were never heard or deter-

mined. We are prevented from deciding the merits because of procedural defects which are jurisdictional, so we have only the authority to dismiss the appeal.

Appellant attempted to extend her time for perfecting the appeal from the date of the overruling of the amended motion for a new trial, being ninety days from July 15, 1959. While a motion for a new trial may be amended, such amendment must take place within the statutory period for filing a motion for a new trial, which is within thirty days following the rendering of judgment. Burns' Ann. Stat., §2-2403 (1946 Supp.). It has been stated by this court in *Smith* v. *First Natl. Bk. of Hartford City, Exr.* (1937), 104 Ind. App. 299, 301, 11 N. E. 2d 58, as follows:

> "There is no provision in our statutes for the filing of an amended or supplemental motion for new trial after the time for the filing of a motion for new trial has expired . . . , therefore such amended or supplemental motion is unauthorized and should be treated as never having been filed and no question is presented for consideration on any alleged error predicated upon the action of the court in overruling such motion."

Appellant filed her motion for a new trial within time, but the amended motion was filed on July 15, 1959, which was more than thirty days from May 18, 1959, and thus such amended motion was a nullity and presented no question for consideration. *Abeele* v. *Ruse* (1943), 112 Ind. App. 596, 44 N. E. 2d 235.

It affirmatively appears from the record that the transcript and assignment of errors were not filed within ninety days from the date of judgment. It is unnecessary to decide whether the filing of a motion for a new trial was proper procedure in this case, but, if it were, the appeal is still not perfected within the proper time after the overruling thereof. For the rea-

son that we are without jurisdiction, this appeal must be dismissed.

Appeal dismissed.

NOTE.—Reported in 163 N. E. 2d 254.