STATE EX REL. LEEPER *v.* MARSHALL CIRCUIT COURT, SHENEMAN, JUDGE.

[No. 29,914. Filed May 11, 1960.]

*George L. Rulison,* of Ligonier, and *Vernon, Hartzog, Barker* and *Hepler,* of Goshen, for relator.

*Marshall F. Kizer, Albert B. Chipman,* and *Chipman & Chipman,* all of Plymouth, for respondent.

ACHOR, J.—This is an original action brought by relator for a writ of prohibition. A temporary writ was issued.

The essential facts which give rise to these proceedings are as follows:

The decedent, John Leeper, died leaving children by his first wife, and the relator who was a second childless wife. Carl E. Wilson was duly appointed special administrator of the estate of John Leeper, deceased, by the Marshall Circuit Court on November 29, 1955. After filing inventory and appraisement of the personal property of decedent, he filed his petition to sell certain personal property which had been in the possession of

decedent. To this petition relator, on December 23, 1955, filed an answer asserting a one-half interest therein, by reason of an ante nuptial agreement. By consent the property was sold subject to a determination of ownership of the property. On May 18, 1959, the court approved a final report of the administrator, making no allowance for the claim of the relator. A motion for new trial was filed and denied. Relator thereupon prosecuted an appeal of said cause to the Appellate Court, which appeal was dismissed by that court for the reason that it was not timely filed.[1]

There is no question that the Marshall Circuit Court had jurisdiction of the estate of John Leeper, deceased. It is equally true that relator's claim against the estate could be enforced only in that proceeding.[2]

1. "It affirmatively appears from the record that the transcript and assignment of errors were not filed within ninety days from the date of judgment. It is unnecessary to decide whether the filing of a motion for a new trial was proper procedure in this case, but, if it were, the appeal is still not perfected within the proper time after the overruling thereof. For the reason that we are without jurisdiction, this appeal must be dismissed." *Leeper* v. *Wilson* (1960), 130 Ind. App. 326, 163 N. E. 2d 254, 257.

2. "All claims against a decedent's estate, other than expense of administration and claims of the United States, and of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent, unless filed with the court in which such estate is being administered within six (6) months after the date of the first published notice to creditors." (Acts 1953, ch. 112, §1401, p. 295.) §7-801(a), Burns' 1953 Repl.

"No action shall be brought by complaint and summons against the personal representative of an estate for the recovery of any claim against the decedent, or his estate, but the holder thereof, . . . shall file a succinct and definite statement thereof in the office of the clerk of the court in which the estate is pending; . . . if any claim against the decedent be founded upon any written instrument, alleged to have been executed by him, the original, or a complete copy thereof, shall be filed with the statement, unless it is lost or destroyed, . . . must be stated in the claim; . . ." §7-802, Burns' 1953 Repl.

Whether or not, under the facts presented, the relator's claim was properly filed was a question of law to be determined by the trial court. If the court committed error in that determination, the question was one which could properly be reviewed by appeal. The relator having failed to perfect a timely appeal, the judgment of the trial court approving the final report of the administrator stands as a final adjudication of the issue. An original action to this court cannot be employed as a substitute for an appeal.

The temporary writ issued is dissolved and the permanent writ is denied.

Arterburn, C. J., Bobbitt and Landis, JJ., concur.

Jackson, J., concurs in the result.

Note.—Reported in 166 N. E. 2d 863.