NOTE.—Reported in 206 N. E. 2d 385.

LEEPER *v.* WILSON, SPECIAL ADMINISTRATOR, ETC.

[No. 19,688. Filed October 8, 1964. Rehearing denied November 9, 1964. Transfer denied May 17, 1965. Rehearing on transfer denied June 10, 1965.]

*George L. Rulison,* of Ligonier, and *Howard G. Heckner, Harry E. Vernon* and *Vernon, Hartzog, Barker & Hepler,* of Goshen, for appellants.

*Marshall F. Kizer* and *Chipman and Chipman,* of Plymouth, for appellees.

MOTE, J.—The subject matter of this appeal heretofore was considered by this court in 1960, 130 Ind. App. 326, 163 N. E. 2d 254; and by our Supreme Court in the same year, 240 Ind. 522, 166 N. E. 2d 863. In the first mentioned instance this court dismissed the appeal for the reason that the same was not timely filed; in the second, our Supreme Court dissolved a temporary writ of prohibition, denied a permanent writ, and held that an original action filed in that court could not be used as a substitute for an appeal.

We refer to the facts set forth in the opinions in the above cited opinions; however, a new and additional ingredient has been employed in this appeal. More than one year after final judgment, and on May 24, 1960, appellant brought an action attacking the judgment of the Marshall Circuit Court, entered on May 18, 1959, from which said final judgment no proper appeal was prosecuted. From an adverse judgment, appellant has brought this appeal. Consistency, as well as legal doctrine, require this court to hold and again decide that there can be no appeal under the circumstances and facts as shown by the record. The record indicates that on January 12, 1957, the administrator of the estate of John L. Leeper, deceased, filed his final account in the Probate Division of the Marshall Circuit Court; that notice of the filing of the account was given to all interested parties, including appellant, by direct and published notice. On May 18, 1959, appellant and her counsel, the administrator and his counsel being present in the Marshall Circuit Court,

the trial court thereupon made and entered its final judgment and ordered distribution, after a finding by the said trial court that appellant had filed no objections or exceptions to the said final account.

This court expresses the opinion that the claims and assertions of appellant, if any, as shown by the record, are governed by certain pertinent statutes of Indiana. One of them is §7-1007, Burns' 1953 Replacement, which provides as follows:

> "Objections to account.—At any time prior to the hearing on an account of a personal representative, any interested person may file written objections to any item or omission in the account. All such objections shall be specific and shall indicate the modification desired. [Acts 1953, ch. 112, §1607, p. 295.]"

Although appellant could have availed herself of the opportunity provided in the above quoted section of our statute, the record discloses that she wholly failed to do so.

Another pertinent statute is §7-821, Burns' 1953 Replacement, which reads as follows:

> "Person claiming interest in property in possession of personal representative.—When any person claims any interest in any property in the possession of the personal representative adverse to the estate he may file, prior to the expiration of six (6) months after the date of the first published notice to creditors, a petition with the court having jurisdiction of the estate setting out the facts concerning such interest and thereupon the court shall cause such notice to be given to such parties as it deems proper and the case shall be set for trial and tried as in ordinary civil actions. [Acts 1953, ch. 112, §1421, p. 295.]"

The record is devoid of any showing that appellant availed herself of the rights created by this section of our statute.

§7-802, Burns' 1953 Replacement, provides in part as follows:

"No action shall be brought by complaint and summons against the personal representative of an estate for the recovery of any claim against the decedent, or his estate, but the holder thereof, . . . shall file a succinct and definite statement thereof in the office of the clerk of the court in which the estate is pending; . . . if any claim against the decedent be founded upon any written instrument, alleged to have been executed by him, the original, or a complete copy thereof, shall be filed with the statement, unless it is lost or destroyed, . . . must be stated in the claim; . . ."

It now seems to be well settled by a long list of authorities that the so-called six (6) months statute of limitations for the filing or assertion of claims against an estate requires precisely what the statutes say, namely that such claims and assertions must be filed in the clerk's office within six (6) months from the first publication of notice, and failure so to do is fatal.

In the instance before us, appellant obviously has made an effort to avoid the statutes prescribing what she shall do and the time within which she shall do it. In the matter of settling decedent's estates appellant here brought an action attacking the judgment more than one year after the judgment of the Probate Court of Marshall County, ordering distribution, in accordance with the account and settlement filed by the administrator.

Appellant urges the proposition that the judgment of the trial court was void. However, this court concludes, inasmuch as the trial court had jurisdiction both of the subject matter and of the parties, that said judgment was not void. As

held in *Frankel* v. *Voss et al.* (1915), 59 Ind. App. 175, 109 N. E. 55:

". . . when a judgment or decree has been entered of record in a court of general jurisdiction, to render the same void, it is not enough that the court did not in fact have jurisdiction to render it, but the want of jurisdiction must affirmatively appear upon the face of the record; that before a court acts it must determine that it had jurisdiction to decide the matter presented; and when it had so determined it becomes a judicial act, as final and conclusive against a collateral attack as any other judicial decision. . . ."

See also, *Deremiah* v. *Powers-Thompson Construction Company* (1955), 125 Ind. App. 662, 129 N. E. 2d 425.

Neither was the said judgment erroneous, in view of the issues then before the court. If appellant had formally filed written objections and taken exceptions to the final report and account, the court then could have heard evidence on the matter and, pertaining to appellant's present assertions, it would appear that if appellant had done so, the finding and judgment of the court may have been different; but under the circumstances then prevailing, appellant having failed to utilize her statutory rights to file objections and take exceptions to the final report and account, the trial court decided the matter without such issues being presented. Too often, it seems to us, parties litigant fail in establishing their rights because their assertions and claims are not properly presented by the issues.

Some effort has been made in this appeal to suggest that the action below was predicated upon the statute providing for a review of a decision and judgment within one year. The appellant denies this and merely asserts, as we have been able to analyze her position, that the action below was merely

for the purpose of attacking a void judgment. As we have said above, the judgment was not void. Had the same judgment resulted after appellant exercised her statutory right to file objections and take exceptions to the final report and account, resulting in a hearing and evidence to support appellant in this respect, such judgment might be considered as erroneous, from which there could have been an appeal. The appellant's prior attempt to appeal, and referred to above, was not taken in due season. It also can be said that the action now on appeal was not filed within the one year period for the review of a judgment, which said type of action cannot be used as a substitute for appeal.

Judgment affirmed.

Hunter, C.J., Kelly and Pfaff, JJ., Concur.

NOTE.—Reported in 201 N. E. 2d 500.