**In re Wilson L. MERRIAM, Appellant from decree of Judge of Probate.**

**In re Jane T. CROUSE, Appellant from decree of Judge of Probate.**

Supreme Judicial Court of Maine.

May 7, 1968.

David A. Nichols, Camden, for Wilson L. Merriam.

Galen P. LaGassey, Rockland, for Jane T. Crouse.

Christy C. Adams, Curtis M. Payson, Rockland, Nathaniel M. Haskell, Portland, for Bernard A. Ripley.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE and WEATHERBEE, JJ.

WEATHERBEE, Justice.

On appeal.

The will of the late Ernest B. Thompson (who died August 11, 1958) left the residue of his estate in trust for the benefit of "my wife, Louena B. Thompson" for her life and at her death the trust was to terminate and what remained was to go to "my nephew, James B. Swartz".

James B. Swartz, who was not Mr. Thompson's nephew but was the nephew of a dead first wife of Mr. Thompson, predeceased Ernest B. Thompson. When Louena

B. Thompson died on June 15, 1964, the Trustee petitioned for distribution of the residue in the Knox County Probate Court, alleging that the residue falls to the heirs of Mr. Thompson's four first cousins. The petition for distribution recited the above facts and did not state that at the time of Mr. Thompson's death he left a surviving widow, the said Louena B. Thompson. We do not know whether the Trustee mistakenly assumed that the residue went to Mr. Thompson's heirs-at-law living at the time of her death or whether doubt existed as to Mr. Thompson's marital status at his death.

Due public notice was given and the judge of probate, after hearing, found that the sum of $49,367.76 remained for distribution and that the four first cousins were entitled to share equally and on November 17, 1964, ordered distribution to be made to them. Distribution was made and the Trustee's final account was allowed December 15, 1964, reflecting this distribution.

During this time no objection to the distribution was made by any representative of Louena B. Thompson and no appeals were taken.

A petition had been filed in the Knox County Probate Court on June 30, 1964, by Bernard A. Ripley of Appleton, Knox County, asking for the allowance of the will of his sister, the said Louena B. Thompson. For reasons unknown to us this will was not allowed until September 30, 1965, at which time Mr. Ripley was appointed executor. It will be noted that at this time ten months and thirteen days had passed since the allowance of the decree of distribution complained of.

On November 30, 1965, Mr. Ripley, as executor of the will of Louena B. Thompson, filed a petition in the Knox County Probate Court asking that the court revoke and reverse its order of distribution in the estate of Ernest B. Thompson on the grounds that the probate court through mistake, inadvertence or otherwise had failed to consider the statutory right and interest of the surviving widow to share in her late husband's intestate property. More than one year had passed since the order was made. After notice and hearing the judge of probate ordered the order of distribution reversed and revoked.

These appellants, two of the first cousins to whom distribution had been made, appealed to the Supreme Court of Probate, claiming that the probate court had no authority to reverse and revoke its order of distribution.

The Justice in the Supreme Court of Probate heard the two appeals which he ordered consolidated. He sustained the appeal on the basis of his conclusion that the judge of probate was without jurisdiction to reverse and revoke his order of distribution of November 17, 1964, and he held the judge of probate's revocation to be void. Because he based his decree upon the judge of probate's lack of jurisdiction, the Justice made no findings as to the question of proof of the legality of the marriage of Louena B. Thompson to Ernest B. Thompson.

This appeal from the decree of the Supreme Court of Probate presents us with the single question of whether the judge of probate was without authority to revoke a decree of distribution, upon which statutory notice had been given, after distribution had been made as ordered and after the expiration of the statutory periods for appeal.

A number of other jurisdictions have considered the issue of finality of probate court decrees. It appears that a narrow majority of the decisions hold that a decree of distribution made upon due notice and in conformity with law is a final judgment having the effect of a judgment in rem and is conclusive and binding upon all persons having any interest in the estate and upon the world as well. It cannot be revoked by the probate court after the expiration of the statutory period of appeal, except for fraud. It is the position of these courts that one claiming to be an omitted heir, who had no actual knowledge of the pendency of the decree and who took no appeal, cannot attack the decree of distri-

bution except for fraud or lack of jurisdiction of the court. Their view appears to be that after the expiration of the statutory period of appeal, the need for finality in probate judgments outweighs the aspiration of the law that any errors of the courts should be corrected. National Exploration Co. v. Robbins, 140 Okl. 260, 283 P. 236 (1929); Wilson v. Randolph, 50 Nev. 371, 261 P. 654 (1927); State ex rel Petters & Co. v. District Court, 76 Mont. 143, 245 P. 529 (1926); Cunha v. Hughes, 122 Cal. 111, 54 P. 535 (1898); State ex rel. Leeper v. Marshall Circuit Court, 240 Ind. 522, 166 N.E.2d 863 (1960); Farley v. Davis, 10 Wash.2d 62, 116 P.2d 263, 155 A.L.R. 1302 (1941); 21 Am.Jur. Executors and Administrators, Sec. 488; 34 C.J.S. Executors and Administrators § 914.

On the other hand, Massachusetts, with statutes on appeal almost identical to ours, holds that the probate court has authority to revoke decrees of distribution which have been acted upon, on the petition of an omitted heir, when the heir had no actual knowledge of the decree and when his failure to appeal was not due to negligence on his part. Harris v. Starkey, 176 Mass. 445, 57 N.E. 698 (1900); Cleveland v. Draper, 194 Mass. 118, 80 N.E. 227 (1907); Welch v. Flory, 294 Mass. 138, 200 N.E. 900, 108 A.L.R. 813 (1936). See also Moritz v. Horsman, 305 Mich. 627, 9 N.W.2d 898, 147 A.L.R. 117 (1943).

These two lines of opinion cannot be reconciled.

Our legislature has provided two forms of appeal for persons aggrieved by the decrees of a judge of probate. The first, 4 M.R.S.A. § 401, gives such persons twenty days in which to appeal (with some few exceptions not of interest to us), but persons who are beyond the sea or out of the United States, who have no sufficient attorney within the state may appeal within twenty days from their return to the country or their appointment of such attorney.

The legislature also recognized that Justice may require a further extension of time to appeal in some extraordinary situations and 4 M.R.S.A. § 403 reads:

"If any such person from accident, mistake, defect of notice or otherwise without fault on his part omits to claim or prosecute his appeal, the supreme court of probate, if justice requires a revision, may, upon reasonable terms, allow an appeal to be entered and prosecuted with the same effect as if it had been seasonably done; but not without due notice to the party adversely interested nor unless the petition therefor is filed with the clerk of said court within one year after the decision complained of was made."

Both statutes were taken from almost identical Massachusetts laws when Maine became a state and their language has changed little to this day. They represent an acceptance by the legislature of two underlying and sometimes conflicting purposes of probate law—the importance of finality in probate proceedings and the judicial purpose of just and legal recognition of the interests of all people concerned with probate matters.

Was it the intention of our legislature that Sec. 403 should be the only vehicle available for reexamination of probate decrees for persons who failed to make the usual statutory appeal within twenty days?

Although our court has never given a precise answer to this question, our position on this issue appears to have evolved from a series of cases in which the power of judges of probate to revoke their earlier decrees was considered.[1] This court has upheld the right of judges of probate to correct erroneous decrees that have not yet been acted upon. Bergeron v. Cote, 98 Me. 415, 420, 57 A. 584 (1904). We have recognized the well established rule that such decrees may be revoked at any time upon proof of fraud. Cousens v. Advent Church,

---

1. "A decree of the judge of probate not appealed from, in a matter of which he has jurisdiction, is *valid* and conclusive upon all persons." Wilson, Maine Probate Law, 1896, page 5. See also Bradbury v. Jefferds, 15 Me. 212 (1839).

93 Me. 292, 45 A. 43 (1899); First Auburn Trust Co., Appellant, 135 Me. 277, 195 A. 202 (1937). In Piper v. Moulton, 72 Me. 155 (1881) this court considered a bill in equity in which the complainants attacked, in part, the competency of an attesting witness to a will which had been allowed in the probate court. The court held that that objection was no longer open to the complainants who had failed to take the statutory appeal. The opinion said:

"The probate court had jurisdiction. If it erred, the error might be corrected on appeal. Whether the questions arising in the probate court were correctly or incorrectly decided as to the competency of evidence can never be made a matter of inquiry in a court of common law to affect that adjudication. * * * The probate of a will is final and conclusive upon all parties. * * * The decisions of the judge of probate in all cases within his jurisdiction are conclusive against all the world unless vacated by an appeal."

In Mudgett's Appeal, 103 Me. 367, 69 A. 575 (1907) it was held that the decree of a judge of probate cannot be attacked collaterally after the statutory period for appeal has expired. There the probate court had erroneously ordered distribution per stirpes instead of per capita. No appeal was taken and distribution was made in accordance with the order. The Appellants then attempted to nullify the order of distribution by opposing the allowance of the administrators' account. Although the attack on the order was not, as it is in our case, a direct one, the court's language appears heavily weighted in favor of finality of judgments. The court said:

"Decrees of the probate court upon matters within its jurisdiction when not appealed from, are conclusive upon all persons. Such decrees are in the nature of judgments, and cannot be impeached collaterally.

\* \* \* \* \* \*

"These matters were within the jurisdiction of the court, and, its decrees not being appealed from, were conclusive. The right of appeal is given for the purpose of correcting errors, and it is important for the security of judgments that this right of appeal should be subject to the reasonable limitations of the statute.

"The matters adjudicated by the decrees of distribution are not again properly before the court for consideration."

In re Roukos' Estate, 141 Me. 83, 39 A.2d 663 (1944) our court held that the probate court had authority to revoke an action which it had taken which was in fact unauthorized by law. There the probate court had licensed the sale of real estate, the property had been sold and no appeal had been taken. The petition and inventory, however, showed that the sale was not one which the statute empowered the probate court to authorize. The opinion pointed out that the probate court is a statutory court and said that a failure to comply with the statute will lay its decree open to direct attack.

In Knapp, Appellant, 145 Me. 189, 74 A.2d 217 (1950) the appellant heir, claiming the faulty taking of an affidavit, petitioned the probate court to revoke the allowance of a will which had been admitted by the court four years earlier, under which distribution had been made and from which allowance no appeal had been taken. The court examined the merits of the appellant's claim and concluded that the affidavit was properly taken. The court upheld the refusal of the judge of probate to reopen and annul his decree, and its decision appears based upon both the lack of merit in appellant's claim and the fact that he could have appealed from the original decree and failed to do so.

Nearly two years later the same appellant filed a new petition in the probate court asking the court to reopen its decree of distribution. No appeal had been taken from the decree of distribution and the time for appeal had expired. This time he alleged that distribution had been made fraudulently to a corporation which was not in fact the named beneficiary.

The Supreme Court of Probate found no clear and convincing proof of fraud. It then went on to consider the evidence concerning the identity of the beneficiary, which it found to have been sufficiently proved. The Supreme Judicial Court upheld that ruling (Knapp, Appellant, 149 Me. 130, 99 A.2d 331 (1953)) and the language of the opinion reveals what we consider to be the rule in this state.

"The Supreme Court of Probate on appeal found no fraud, *and could have, and perhaps should have dismissed the appeal and affirmed the decision below under the rule In re Mudgett's Appeal*, 103 Me. 367, 69 A. 575, because the Probate Court had jurisdiction to determine, and did determine, the identity of the person intended by the testator, which was not appealed from in 1948. (Emphasis added)

\* \* \* \* \* \*

"Under our system the validity of decrees of the Probate Court are an economic necessity. Rights in and titles to property often depend upon them. Each generation sees the Probate Court pass in some manner on the succession rights to nearly all property. If there are errors made by the Judge of Probate in a decree, the right of appeal is given to enable parties to correct them. When, however, no appeal is taken, and the parties have acted in reliance upon decrees, such decrees must not be reopened, or set aside, *without clear and convincing proof of fraud, or other compelling legal cause*. In this case the Supreme Court of Probate has decided that the previous Probate decrees of distribution and the allowance of account should not be disturbed. The record warrants the decision." (Emphasis added).

The other "compelling legal cause" to which the opinion refers would be proof of lack of jurisdiction of the court or of action beyond the authority conferred upon the court by the law.

■ In the present case the judge of probate, after public notice and within the authority given him by law, determined that only the four cousins were entitled to share in Mr. Thompson's estate and ordered the residue to be distributed among them. No appeal was taken from that order. The legislature, recognizing that, as a result of accident, mistake, defect of notice or otherwise without fault of an interested party, the twenty day period may sometimes expire before appeals can be taken, has empowered the Supreme Court of Probate to allow such appeals to be entered at any time within one year. Mr. Ripley's appeal might well have been one of those which the Supreme Court of Probate is empowered to allow. Mr. Ripley was qualified as executor within one year but he made no attempt to appeal during that period. Now the year has passed and distribution has been made and Mr. Ripley's attempt to overthrow the decree of distribution comes too late.

■ The fact that Sec. 403 authorizes only the Supreme Court of Probate to grant this extraordinary extension of time for appeal reflects the legislature's concern that the principle of finality of judgments should not be compromised lightly. But even the Supreme Court of Probate was not given power to extend this time for appeal longer than one year no matter how meritorious the claim might appear to be.

■ We view these provisions as indicating an intention by the legislature that, because of the public need for reliance on probate decrees, late attacks upon such decrees for errors can only be made by the appeal that 4 M.R.S.A. § 403 provides and then only within one year, with the exception of claims of fraud, absence of jurisdiction or the exercise of unauthorized power.

The reasons for need of finality in probate proceedings are compelling ones, as the court said in Knapp, Appellant (1953), supra. The legislature has recognized that there must be finality to litigation. Purchasers of estate property must be able to act in reliance upon the certainty of court

decrees. Persons receiving inheritances, relying on the court's decrees, often in good faith undertake responsibilities and obligations as a result of their bequests and so change their economic positions that for them to be required, perhaps years later, to return all or part of the bequests would bring them financial disaster.

Appeal dismissed.

DUFRESNE, J., sat at argument but did participate in the decision.

WILLIAMSON, Chief Justice (concurring).

I reach a like result with the Court by application of the principle stated in In re Estate of Roukos, 141 Me. 83, 89, 39 A.2d 663, 666, as follows:

"Corrections of the ordinary mistakes of a tribunal in the interpretation of law or findings of fact should be sought in appropriate appellate procedure; but the Probate Court in Common with all courts has authority to rectify its own mistakes if the act complained of is the result of procedure not in accordance with its authority or is so the result of inadvertence or mistake that it is in truth not the act of the court. 31 Am.Jur., Judgments, Sec. 716; Waters v. Stickney, 12 Allen, 1, 90 Am.Dec. 122; Harris v. Starkey, 176 Mass. 445, 57 N.E. 698, 79 Am.St.Rep. 322."

The decree of distribution was entered within the authority of the Probate Court and may not be attacked collaterally. Clough v. Newton, 160 Me. 301, 203 A.2d 690 (approving direct attack; no appeal had been taken). Was the decision "so the result of inadvertence or mistake that it is in truth not the act of the court?" I think not.

In my view the petition for distribution fairly indicated that Mrs. Thompson, named by the testator as his wife, became his widow. No facts were hidden and nothing new has been discovered. The Probate Court, in carrying out its required duty,

found the four cousins were entitled to the trust remainder. Whether or not there was error of law in not naming the widow's estate as a distributee, the Probate Court here had no authority under *Roukos,* supra, to correct its decree.

I recognize that the Supreme Court of Probate in denying jurisdiction did not consider the question of the right of the widow's estate to share in the distribution. Further hearing, however, would serve no useful purpose. The result would be unchanged.

I am not prepared to deny the possibility of error in a decree such as this which the Probate Court should be authorized to correct. See Harris v. Starkey, 176 Mass. 445, 57 N.E. 698, cited with approval in *Roukos,* supra; Cleaveland v. Draper, 194 Mass. 118, 80 N.E. 227; Welch v. Flory, 294 Mass. 138, 200 N.E. 900. Our cases cited in the opinion of the Court, as I read them, do not compel a contrary conclusion. I would leave the door of the Probate Court open somewhat wider for correction of mistake than does the Court.