**Beatrice PHILBRICK**

v.

**ESTATE OF Verna H. PHILBRICK.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 16, 1990.

Decided Jan. 22, 1990.

Bruce C. Billings, Limestone, for plaintiff.

Richard L. Rhoda, Houlton, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, HORNBY and COLLINS, JJ.

McKUSICK, Chief Justice.

Beatrice Philbrick, indirectly a beneficiary of the estate of Verna H. Philbrick, appeals from an order of the Aroostook County Probate Court (*Dunleavy, J.*) denying her petition of December 8, 1988, to correct a 1980 accounting of the estate on the ground that the petition was time-barred. Because the first and final account was proved and allowed by the Probate Court on March 27, 1980, prior to the effective date of the Probate Code in January 1981, 4 M.R.S.A. §§ 401 and 403 (1979) govern the time limitation on an appeal from the Probate Court order in this case.

Section 401 provided for a 20–day appeal period. Section 403 extended that appeal period for delay without fault, limiting the grace period, however, to one year in all circumstances. 4 M.R.S.A. §§ 401, 403, *repealed by* P.L.1979, ch. 540, § 7–B (eff. Jan. 1, 1981). The final one-year limitation has been strictly construed by this court. *See Vanasse v. LaBrecque,* 381 A.2d 269, 273 (Me.1977); *In re Merriam,* 241 A.2d 602, 606 (Me.1968). Alleging primarily that the limitation is unfair, Beatrice makes no substantive argument why failure to notice the error earlier should be excused on this appeal. The Probate Court correctly dismissed the claim as barred by section 403.

Because we find that the claim was barred, we do not reach the other contentions on appeal.

The entry is:

Judgment affirmed.

All concurring.