PATRICIA ANN DUHAMEL, PETITIONER
*vs.*
JOHN T. DUHAMEL, RESPONDENT

Oxford.   Opinion, February 17, 1959.

*Theodore Gonya,* for plaintiff.

*William E. McCarthy,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

TAPLEY, J.   On exceptions.   Action was instituted by Patricia Ann Duhamel against her husband, John T. Duhamel, for support of herself and their minor children and to obtain custody of the children.   The petition was brought by authority of Secs. 19 and 43 of Chap. 166, R. S., 1954. The justice who heard the petition denied the petitioner relief under Sec. 43 but granted relief under Sec. 19 in apportioning custody of the two children between the petitioner and respondent and ordering the respondent to pay the sum of $15.00 per week for the support of the two children.   The petitioner was denied support.   The action origi-

nated in the Superior Court. The respondent took exceptions to the decree of the presiding justice and the case is now before this court on these exceptions.

Counsel for the petitioner, at the outset, contends that the Law Court is without jurisdiction to consider the exceptions, asserting that the statutory provisions creating the right to petition for relief specifically provides a review, by means of appeal. This question having arisen, it becomes our duty to decide it before directing our attention to any other phase of the case.

The pertinent portions of Secs. 19 and 43 concerning review read:

> "Sec. 19. - - - - - An appeal shall lie from such decree or decrees to the supreme court of probate, where originating in the court of probate, *or to the supreme judicial court where originating in the superior court,* but the original decrees shall be in force until reversed." (Emphasis ours.)

> "Sec. 43. - - - - - Any party aggrieved by any order or decree authorized by the provisions of this section and made by a probate court or municipal court may appeal from said order or decree in the same manner as provided for appeals from such court in other causes, and *appeal may be taken from the superior court to the law court.* Pending the determination of such appeal, the order or decree appealed from shall remain in force and obedience thereto may be enforced as if no appeal had been taken." (Emphasis ours.)

We are faced with the question as to whether relief by appeal, as provided by statute, is exclusive or does the respondent have the power of choice to use the process of appeal or proceed by exceptions as provided under the general exception statute (Chap. 106, Sec. 14, R. S., 1954).

The process of appeal from any decree or order of the Probate Court is not one of right and is only available

when conferred by statute and then only to the extent that the statute may provide. *Cotting, Appellant* v. *Tilton,* 118 Me. 91. The appeal process from the Probate Court to the Supreme Court of Probate is created by statute and is exclusively confined to that process. An aggrieved party may seek review of the decision of a Justice of the Superior Court sitting as a Supreme Court of Probate by means of exceptions only. *Tuck, Appellant* v. *Bean,* 130 Me. 277. The review methods applicable to the Probate Court and the Supreme Court of Probate are statutory and the Law Court has no jurisdiction unless the case is before it through the prescribed statutory channels.

In the instant case the provisions for review are analogous to those prescribed for probate review, as in probate reviews the statute under which the instant proceedings were brought provides means by which parties may seek appellate consideration. In both Sec. 19 and Sec. 43 provisions are made for a specific method of review. The language is clear that review shall be by appeal. The case of *Kelley, Appellant,* 136 Me. 7, is in point. In the *Kelley* case a wife petitioned the Probate Court that it order her husband to contribute to the support of their minor child. The petition was based on Chap. 74, Sec. 9, R. S., 1930, as amended by P. L., 1933, Chap. 36. The amendment affects the appeal section and reads: "and appeal maybe taken from the Superior Court to the Law Court." The *Kelley* case went to the Law Court on exceptions. The court, on page 9, had this to say:

> "Statute language is necessarily of prime importance on whether or not the case is properly here.
>
> The Supreme Judicial Court, while sitting as a Law Court, has such powers only as are conferred by statute. *Morin v. Claflin, 100 Me., 271, 61 A., 782; Heim v. Coleman, 125 Me., 478, 135 A., 33;*

*Crawford v. Keegan, 125 Me., 521, 134 A., 564;
Cheney v. Richards, 130 Me., 288,* 155 A., *642.*

Regarding the cognizance of this class of cases, statutory provision is, in essence:

In complaining to an upper court, either the Superior or the instant one, of injustice done by a subordinate court, procedure shall be an appeal. R. S., Chap. 74, supra, as amended.

Appeals, in distinction from exceptions, bring up questions of fact as well as of law.

The statute is binding upon the court, and the parties, alike, and cannot be dispensed with to meet the circumstances of any particular situation. Legislative requisition must be applied the same in all instances which come within it. When lack of jurisdiction is patent, proceedings stop. *Thompson, Appellant, 114 Me., 338, 96 A., 238.* Without jurisdiction, a judgment would be merely void. *Lovejoy v. Albee, 33 Me., 414."*

The Legislature in enacting Secs. 19 and 43 had the power to prescribe the method of review and when it determined, and so stated, that review should be by appeal, it established the right of aggrieved parties to a review by this means and by so doing conferred jurisdiction upon the Law Court to hear it on the basis of an appeal and by no other procedure. *Sears-Roebuck & Co.* v. *City of Portland, et al.,* 144 Me. 250.

Secs. 19 and 43 not only provide for an appeal but also that the order or decree remain in full force and effect during pendency of appeal. The provision that the order or decree shall remain in force during the appeal obviously was made to insure support of the wife and children for that period. This evidences legislative intent that appeal would be the exclusive vehicle for review. Had the Legislature intended that the right of review by appeal under Secs. 19 and 43 be concurrent with right of exceptions provided for by Sec. 14, Chap. 106, R. S., 1954, it would have so stated.

This case is before us on exceptions. Secs. 19 and 43 provide review by appeal. In this case jurisdiction of the Law Court depends upon presentation by appeal as prescribed by the statute so we, therefore, have no authority to consider the case on exceptions.

The entry must be,

*Exceptions dismissed.*