ANNE C. MARINO, PETR.
*vs.*
DOMINICO MARINO, RESPT.

Cumberland.   Opinion, October 26, 1959.

*Julian G. Hubbard,* for plaintiff.

*Albert Knudsen,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, SULLIVAN, DUBORD, SIDDALL, JJ.   TAPLEY, J., did not sit.

SIDDALL, J.   On exceptions.   This is a petition for separate support and maintenance of the petitioner brought under the provisions of R. S., 1954, Chap. 166, Sec. 43.   At the hearing on the petition, the respondent claimed that the marriage between him and the petitioner had been dissolved by decree of divorce in the State of Nevada.   The presiding justice found that the decree of the Nevada Court was a valid decree and entitled to full faith and credit in the State

of Maine under the provisions of Article IV, Sec. 1, of the Constitution of the United States. The petition for support was denied, and the petitioner filed exceptions to the action of the presiding justice in denying the petition.

The issues presented in the instant case are as follows:

(1) Is the case properly before this court on respondent's exceptions?

(2) If so, is the Nevada divorce decree entitled to full faith and credit in the courts of the State of Maine by virtue of Article IV, Sec. 1 of the Constitution of the United States?

The petition in this case was brought under the provisions of R. S., 1954, Chap. 166, Sec. 43. That portion of this section relating to review of decisions thereunder reads as follows:

"Any party aggrieved by any order or decree authorized by the provisions of this section and made by a probate court or municipal court may appeal from said order or decree in the same manner as provided for appeals from such court in other causes, and appeal may be taken from the superior court to the law court. Pending the determination of such appeal, the order or decree appealed from shall remain in force and obedience thereto may be enforced as if no appeal had been taken."

The case of *Kelley, Appellant,* 136 Me. 7, 1 A. (2nd) 183, was brought before the Law Court on exceptions in a proceeding under R. S., 1930, Chap. 74, Sec. 9, as amended by P. L., 1933, Chap. 36. The subject matter of R. S., 1930, Chap. 74, Sec. 9, is now contained in R. S., 1954, Chap. 166, Sec. 43. The statutory method provided for review was the same at the time the proceedings were instituted in the *Kelley* case as it was at the time the instant case was initiated. That method in each instance was by appeal. In the *Kelley* case the court held that the statute was binding on the court and that the case could be reviewed by appeal only and not by exceptions.

In the recent case of *Duhamel* v. *Duhamel*, 154 Me. 391, the court in interpreting the review provisions of R. S., 1954, Chap. 166, Sec. 19 (proceedings for custody and support of children) and Sec. 43 used the following language:

> "The Legislature in enacting Secs. 19 and 43 had the power to prescribe the method of review and when it determined, and so stated, that review should be by appeal, it established the right of aggrieved parties to a review by this means and by so doing conferred jurisdiction upon the Law Court to hear it on the basis of an appeal and by no other procedure. *Sears-Roebuck & Co. v. City of Portland, et al.*, 144 Me. 250.

> Secs. 19 and 43 not only provide for an appeal but also that the order or decree remain in full force and effect during pendency of appeal. The provision that the order or decree shall remain in force during the appeal obviously was made to insure support of the wife and children for that period. This evidences legislative intent that appeal would be the exclusive vehicle for review. Had the Legislature intended that the right of review by appeal under Secs. 19 and 43 be concurrent with right of exceptions provided for by Sec. 14, Chap. 106, R. S., 1954, it would have so stated.

> This case is before us on exceptions. Secs. 19 and 43 provide review by appeal. In this case jurisdiction of the Law Court depends upon presentation by appeal as prescribed by the statute so we, therefore, have no authority to consider the case on exceptions."

*Exceptions* do not lie to orders and decrees under Sec. 43, whether the case originated in a Municipal Court, a Probate Court, or in the Superior Court. The only remedy of an aggrieved party is by *appeal*. This court, therefore, has no jurisdiction in the proceeding before us, and it becomes unnecessary to consider any other issue raised in the case.

The entry will be

*Exceptions dismissed.*