**In re ESTATE of Needham B. BROWN, Jr.**

Supreme Judicial Court of Maine.

March 30, 1978.

Bourque & Brodrick by Ronald D. Bo-urque (orally), Sanford, for plaintiff.

Smith & Stein by Jeffrey A. Smith (orally), Hallowell, for defendant.

Before POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

WERNICK, Justice.

Needham B. Brown, Jr. died on January 29, 1970. After a contested hearing, the Probate Court (York County) on December 24, 1970 granted the petition for probate of the will of Needham B. Brown, Jr. On January 30, 1971, the opponents to the will,[1] having failed to claim an appeal as of right within the 20 day time period provided by 4 M.R.S.A. § 401, filed a petition (or motion) in the Supreme Court of Probate (York County) seeking permission to file a late appeal pursuant to 4 M.R.S.A. § 403. On November 28, 1972 the Supreme Court of Probate granted this motion and ordered that opponents have "twenty days from the date of this Decree within which to perfect . . . appeal" from the decree allowing the Will of Needham B. Brown, Jr. Opponents, however, failed to take an appeal within this new time period.

On January 16, 1973, opponents filed a "motion for enlargement of time" in which to file the appeal in the Supreme Court of Probate. The Court allowed an additional "extension" to opponents within which to file an appeal, and opponents then purportedly took that appeal.

The Supreme Court of Probate addressed the merits of the appeal. By a decree under date of September 25, 1974 the Supreme Court of Probate affirmed the decision of the Probate Court allowing the Will of Needham B. Brown, Jr. The Court also awarded attorney fees and expenses of the appeal to counsel for the opponents and proponents, the amounts thereof being charged as an expense of the administration of the estate.

After partial payment of the attorney fees, the executrix filed a motion pursuant to Rule 60(b) M.R.Civ.P. (see Rule 1 M.R. Civ.P.) asking the Supreme Court of Probate to give relief from its own judgment.

---

1. Opponents Bette Lou Jewett and Deborah Ann Brown claim to be the sole heirs at law of the decedent.

The executrix claimed that the failure of opponents to appeal in accordance with the provisions of 4 M.R.S.A. § 403 rendered void, for lack of jurisdiction, the September 25, 1974 adjudication of the Supreme Court of Probate. The executrix also sought reimbursement of the previously paid attorney fees. On November 4, 1976, the Supreme Court of Probate granted executrix's motion, at least in part, insofar as the Court ruled that the September 25, 1974 decision was void because the Supreme Court of Probate had extended the time within which to appeal more than one year from the date of the decree, in violation of 4 M.R.S.A. § 403.

Opponents have appealed from this November 4, 1976 adjudication. They contend that it was error for the Court to grant the executrix's 60(b) motion for relief from judgment. The executrix has filed a cross appeal asserting that the Supreme Court of Probate erred in its November 4, 1976 decision by failing to order the parties to reimburse the estate for attorney fees previously paid by the estate pursuant to the (now void) September 25, 1974 decree.

A person aggrieved by a decree of the Probate Court has a statutory right to appeal to the Supreme Court of Probate "if he claims his appeal within 20 days from the date of the proceeding appealed from." (4 M.R.S.A. § 401)

When a person fails to file an appeal within the ordinary 20 day period, the Supreme Court of Probate in the proper circumstances may allow an appeal to be entered pursuant to 4 M.R.S.A. § 403. Section 403 provides:

"If any such person from accident, mistake, defect of notice or otherwise without fault on his part omits to claim or prosecute his appeal, the supreme court of probate, if justice requires a revision, may, upon reasonable terms, allow an appeal to be entered . . . as if it had been seasonably done; but not without due notice to the party adversely interested nor unless the petition therefor is filed with the clerk of said court within one year after the decision complained of was made."

Opponents contend that their appeal to the Supreme Court of Probate was timely taken because their "petition" for leave to appeal under Section 403 was filed "within one year after the decision complained of was made." Their reasoning is that once the Supreme Court of Probate had granted the Section 403 petition for leave to file the appeal, jurisdiction vested in that Court and therefore the Court possessed inherent power to allow the January 16, 1973 "motion for enlargement." [2]

We decide that opponents' January 16, 1973 "motion for enlargement" was actually a new petition under Section 403 seeking leave to appeal.[3] When the Supreme Court of Probate on November 28,

**2.** In this context opponents argue that jurisdiction did not exist under Rule 60(b) to review the Court's purported exercise of discretion in allowing an enlargement of time. As noted hereafter in this opinion, jurisdiction exists under Rule 60(b) for the reason that the September 25, 1974 decree was void for lack of jurisdiction. Rule 60(b) specifically provides that: "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; . . . ."

**3.** We need not decide, therefore, whether the presiding Justice properly relied on In re Merriam, Me., 241 A.2d 602 (1968) in ruling that the decree was void because the Supreme Court of Probate extended the time within which to file the appeal itself for more than one year from the date of the original probate decree allowing the will. Some broad language in Merriam suggesting that the Supreme Court of Probate had no power to extend the time for an appeal beyond one year from the original decree would appear to be dictum since Merriam involved a collateral attack on the probate decree in the Probate Court, and the "attack" itself was made more than one year from the date of the decree. Thus, Merriam did not decide whether the filing (within one year of the decision complained of) of a "petition" for leave to appeal (as distinguished from the filing of the appeal itself) is sufficient within the meaning of Section 403. While the language of Section 403 apparently states that the filing of the "petition" within a year of the decision is sufficient, the dictum in Merriam suggests the possibility of the stricter interpretation in light of the principle of finality and the need for reliance on probate decrees.

1972 first granted opponents' Section 403 petition, the Court ordered that opponents have "twenty days from the date of this Decree within which to perfect such appeal." Having failed to meet this new 20 day time limitation, opponents still had not taken an appeal to the Supreme Court of Probate; it is the notice of appeal rather than the petition for leave to file an appeal which vests the Court with jurisdiction. Accordingly, opponents' sole remedy for their original omission "to claim or prosecute . . . [their] appeal" was to petition the Supreme Court of Probate for leave to appeal pursuant to Section 403. Section 403, however, provides that the Court cannot allow an appeal

> "unless the petition therefor is filed with the clerk of said court within one year after the decision complained of was made."

By the time of the January 16, 1973 petition (designated as the motion for enlargement), plainly more than one year had passed from the time of the December 24, 1970 probate decree allowing the will. We conclude, therefore, that the September 25, 1974 decision of the Supreme Court of Probate was void because opponents did not comply with the jurisdictional requirements for the filing of an appeal in the Supreme Court of Probate.[4]

■ Opponents further argue, however, that their noncompliance with the 20 day additional time period specified in the Court's November 28, 1972 decision was justifiable in that, allegedly, opponents did not have "notice" of that decision. Opponents also argue that the failure of the clerk to give notice (despite opponents' weekly contact with the clerk's office from November

1971 to November 1972) resulted in a denial of due process when the further appeal was foreclosed.

In *Harris Baking Company v. Mazzeo*, Me., 294 A.2d 445, 451 (1972) we held that:

> "the generally operative maximum period of 60 days for the filing of notice of appeal [to the Law Court] remains unaffected by the failure of the party intending to appeal to . . . [have notice] of the entry of judgment. This remains true even if such failure is caused by the Clerk's omission to give notice of the entry of judgment on the docket."

The docket entry for November 28, 1972 in the Supreme Court of Probate read as follows:

> "Findings and Order entered by the Court. Ordered: 'The Appellants be allowed to prosecute their appeal from the allowance of the Will of Needham B. Brown, Jr., and that they have twenty days from the date of this Decree within which to perfect such appeal.' "

The docket entry thus provided adequate notice to opponents with respect to the decision that had granted them leave to appeal. See *Harris Baking Company v. Mazzeo*, Me., 294 A.2d 445 (1972).

Having decided that the September 25, 1974 decision of the Supreme Court of Probate was void because opponents did not comply with the jurisdictional requirements for the claiming of that appeal, we turn to the question raised by the executrix on cross appeal with respect to whether the Court erred by failing to order reimbursement to the estate for the counsel fees already paid pursuant to the September 25, 1974 decision.

---

4. Opponents argue that the Supreme Court of Probate possessed, in a manner analogous to the power recognized by Rule 6(b) M.R.Civ.P., the inherent power to enlarge the time for appeal after the granting of a Section 403 petition for leave to appeal. Although Rule 6(b) applies to appeals to the Supreme Court of Probate, (Rule 1), Rule 82 provides that the "rules shall not be construed to extend or limit the jurisdiction of the Superior Court . . . ." Even under Rule 6(b) the Court "may not extend the time for taking an action under . . . [Rule] . . . 73(a) . . . except to the extent and under the conditions stated in . . . [it]." In the circumstances of this case, Section 403, as similarly related to the finality of judgments and the time for taking an appeal, provides the sole statutory method of appeal from probate decrees, and thus compliance with the provisions of this statute was required as a jurisdictional matter. See *In re Merriam*, Me., 241 A.2d 602 (1968); *Duhamel v. Duhamel*, 154 Me. 391, 149 A.2d 305 (1959); *Mudgett's Appeal*, 103 Me. 367, 69 A. 575 (1907).

■ The executrix's motion for relief from judgment under Rule 60(b) M.R. Civ.P., although perhaps not clearly delineating the claim, fairly presented the question whether counsel or any of the parties to the case should reimburse the estate for counsel fees and expenses previously paid by the estate.[5] In ruling on the 60(b) motion, the Justice in the Supreme Court of Probate found that the September 25, 1974 decree of the Supreme Court of Probate was void. With respect to the question of counsel fees, the Justice concluded that:

"Because of its Order voiding the said decree of the York County Supreme Court of Probate, the Court finds it unnecessary to decide whether or not the Court's award of counsel fees was proper since it would be inequitable that a judgment decreed under extrajurisdictional circumstances should have continuing *prospective* application." (emphasis supplied)

Insofar as the ruling of the presiding Justice pertains only to the prospective effects of the counsel fees award, we decide that this case should be remanded to the Supreme Court of Probate for a determination with respect to the executrix's claim for reimbursement or restitution of *previously* paid counsel expenses. We conclude that a proper decision concerning the appropriateness of such restitutionary relief, as a form of equitable relief, requires an evidentiary consideration of the circumstances surrounding the claim for reimbursement. By our action in remanding, however, we intimate no opinion as to whether, factually or legally, restitutionary relief should, or should not, be given in the circumstances of this case.[6]

The entry is:

Opponents' appeal denied.

The judgment of the Supreme Court of Probate nullifying the appeal to that Court is affirmed;

Cross-appeal of executrix sustained;

Case remanded to the Supreme Court of Probate for consideration of the executrix's claim for reimbursement of counsel fees and expenses already paid under the void judgment of September 25, 1974.

Costs allowed to the executrix.

McKUSICK, C. J., did not sit.

DELAHANTY, J., sat at argument and conference but did not otherwise participate.

---

5. The executrix's 60(b) motion sought a determination that the prior judgment awarding counsel fees was void, a reinstatement of the original probate decree and "such other and further relief as . . . [the] court may deem proper and just." Attached to the motion was a proposed order that "any counsel fees and expenses heretofore paid by the estate to counsel or any of the parties are to be returned forthwith or within ten days of this order." Much of the executrix's motion, however, was directed only to the question whether the Supreme Court of Probate may ordinarily award counsel fees, a question that may be irrelevant to the question whether the estate is entitled to reimbursement or restitution of counsel fees already paid under the void judgment.

6. In remanding this case, we also express no opinion with respect to the preliminary question which the Supreme Court of Probate must answer regarding whether, as a court of limited jurisdiction, it has jurisdiction in a Rule 60(b) proceeding to order reimbursement or restitution of counsel fees already paid under the void judgment. This question may involve consideration of whether a court of limited jurisdiction has inherent power to undo that which it had no authority to do originally, and whether, under a Rule 60(b) motion or the "independent action" also provided for procedurally in Rule 60(b), a court has jurisdiction to order restitutionary relief as part of the "relief from a judgment" pursuant to Rule 60(b).